MARY L. RYDER, administratrix, *vs.* EDWARD J. JENKINS.

Suffolk.    March 27, 1895. — May 24, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Petition to prove Exceptions — Reduction of Exceptions to Writing in a Summary Mode.*

A petition to establish the truth of exceptions should contain an exact copy of the bill of exceptions which was filed.

A bill of exceptions which, though conformable to the truth, set forth at great length a report of the testimony taken at the trial, and disclosed no attempt to reduce the exceptions to writing in a summary mode, as required by Pub. Sts. c. 153, § 8, was for that reason properly disallowed by the presiding judge.

PETITION to establish the truth of exceptions alleged by the defendant, and disallowed by *Blodgett,* J., who presided at the trial in the Superior Court. The facts appear in the opinion.

The case was argued at the bar in March, 1895, and afterwards was submitted on the briefs to all the judges.

*E. H. Savary*, for the respondent.

*P. J. Casey*, for the petitioner.

FIELD, C. J.   This petition is irregular, in that it does not purport to set out an exact copy of the exceptions filed in the Superior Court.   It sets out a copy of the testimony, with a copy of the indorsement of the presiding judge on the exceptions.   An examination of the original exceptions shows that they contained a short statement of the nature of the action, and of the defence made by the petitioner.   If the petition is allowed and the truth of the exceptions established, the nature of the action and of the issues tried may perhaps be supplied by the copies of the writ and pleadings which are usually furnished to the court, but a petition to prove exceptions should contain an exact copy of the exceptions which have been filed.   The action was for money had and received by the defendant to the use of the plaintiff, as administratrix of the estate of George Ryder, deceased. The answer of the defendant admitted the receipt of the money except one item of the amount of $41.75, and alleged that the defendant was the attorney of the plaintiff as said administratrix, and received the money, except said item of $41.75, as such attorney, and paid it out by direction of the plaintiff to the creditors of the estate and to other persons entitled thereto.   The plaintiff denied that the defendant was employed by her as her attorney, or was authorized by her to pay the money to any person.   The case was submitted to the jury who returned a verdict for the plaintiff for the whole amount of her claim.   The exception taken is to the refusal of the presiding justice to rule that on the whole evidence the plaintiff had failed to make out a case. The certificate signed by the justice presiding at the trial is as follows :   " The statements contained in said bill of exceptions are conformable to the truth, but as I am of the opinion that it is wholly unnecessary to make a full report of all the evidence in the case by question and answer a part of the defendant's exceptions, I disallow this bill of exceptions for the reason that the defendant has not ' reduced his exceptions to writing in a summary mode,' as required by section 8, chapter 153, of the Public Statutes."   The full report of the evidence referred to is

the stenographic report of the whole testimony taken at the trial. There are eighty-two pages of it. An examination of it shows that a considerable part of it consists of merely preliminary examinations of the witnesses in regard to their names, their relations to the parties and to the cause, and their probable prejudices, and of objections by counsel, and of colloquies between counsel or between court and counsel, which resulted in no ruling by the court. It is obvious that, if this method of reducing exceptions to writing is to be sanctioned, a good deal of unnecessary expense will be put upon the parties, and unnecessary labor will be put upon the court. The labor of selecting the really material parts of the evidence from such a mass is a considerable burden. It is true that, when the exceptions are to a refusal by the court on the whole evidence to direct a verdict as matter of law, the excepting party, as he cannot as of right amend the exceptions filed, but possibly may be compelled by the presiding justice to abide by his exceptions as filed, naturally may feel that he runs some risk in attempting to abridge the evidence. Still, we have no reason to believe that the power of the presiding justice to permit amendments to exceptions by the excepting party is not liberally exercised in all cases where it appears that there has been an attempt in good faith to state all the material evidence. It is almost inevitable in any trial that a good many things occur which are ultimately found to have no material bearing on any question of law raised at the trial, and such evidence as is material usually can be stated in the narrative form. We are of opinion that the present case on its face discloses no attempt to "reduce the exceptions to writing in a summary mode"; that it shows an abuse in procedure which ought not to be sanctioned, and which the statutes were not intended to permit; and that the presiding justice rightly refused to allow the exceptions in their existing form.

Whether the excepting party can or should now be permitted to amend his exceptions by striking out what is immaterial is a question not before us. It might be worth while for the petitioner to consider whether, on the issue presented, the burden of proof was not on him except as to one item. The present petition must be dismissed. *Churchill* v. *Palmer*, 115 Mass. 310. *Curry* v. *Porter*, 125 Mass. 94.                    *Petition dismissed.*