BERNARD D. O'CONNELL, petitioner to prove exceptions.
CHARLES COWLEY *vs.* BERNARD D. O'CONNELL.

Middlesex. March 29, 1899. — May 26, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

June 27, 1899. — September 7, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Petition to prove Exceptions — Facts warranting Disallowance of whole Bill — Consideration of Conduct of Excepting Party — Order of Court as to Procedure — Appeal — Disbarment of Attorney — Demurrer.*

Where a bill of exceptions as tendered is found to be full of errors and generally untrue, and the excepting party declines to amend it in accordance with proper suggestions of the judge, so that the latter has good reason to believe, and does believe, that the former does not desire or intend to make the bill conformable to the truth, it is not the duty of the judge, if it is possible to find in the bill any independent exception correctly stated, to search it out and allow it separately, but he properly may disallow the whole bill; nor in case of such disallowance has the excepting party a right, on a petition to prove the exceptions, to have the single exception separated from the rest of the bill and afterwards considered by the court.

If the findings of a commissioner, to whom a petition to prove exceptions has been referred, show that one exception stated in the bill as tendered was wholly unfounded, and that another was unfairly stated, and was both preceded and followed by a false statement, the judge will be held to have been well warranted in deciding that the bill was not conformable to the truth, within the meaning

of Pub. Sts. c. 153, § 8, and in disallowing it altogether; and the conduct of the party, who has tendered another bill of exceptions on another branch of the case, which is considered at the same time with the first bill and which is full of errors and generally untrue, in declining to accept proper amendments suggested by the judge, might be considered in connection with the first bill.

An order of the Superior Court, providing that all preliminary matters in a cause are to be heard on a day named, and that, unless cause is shown at that time why it should not be heard, the case is to be heard on its merits upon a subsequent day named, no reason appearing why the order was not entirely proper in matters of fact, affords no ground in law for an appeal.

The charges, which are proved, that an attorney at law improperly appeared for both the plaintiff and the defendant in actions pending in court which involved the same issue, that he used a legal process in an abusive and oppressive manner, and that he incited, aided, and counselled another person in an attempt to bribe a member of a city council in matters pertaining to his official actions, warrant the disbarment of the attorney.

Whether a demurrer to charges in a petition for the disbarment of an attorney at law was rightly filed or not, if the record shows that it was overruled without prejudice as to any question which might be raised by the respondent upon the hearing of the case on its merits, and it could not have been sustained, because the charges on proof of which he was disbarred constituted sufficient grounds for such disbarment, assuming that an appeal from the judgment on the merits opened questions of law on the order overruling the demurrer, no error of law appears of which the respondent can avail himself.

THE FIRST CASE was a petition to establish the truth of two bills of exceptions alleged by the petitioner in the course of proceedings for his removal from the bar, and disallowed by *Richardson*, J., who presided at the trial in the Superior Court. The facts appear in the opinion.

*B. D. O'Connell, pro se.*

*B. B. Johnson*, for Cowley.

KNOWLTON, J. This is a petition to prove two bills of exceptions taken in the course of proceedings for the removal of the petitioner from the bar. The first bill sets forth certain exceptions to preliminary orders, and the second includes also numerous exceptions taken at the hearing upon the evidence. Pursuant to the rule of the court a commissioner has been appointed, who has made his report. In reference to the second bill of exceptions the report sets forth, in paragraphs numbered from one to nineteen inclusive, many particulars in which the bill is not conformable to the truth, and in reference to the first bill of exceptions it sets forth in like manner, in three paragraphs, particulars in which that is not conformable to the truth, and the report ends by stating, in reference to both bills, "that the

failure to amend them so that they would conform to the truth
in these particulars was the petitioner's own fault in refusing to
comply with the reasonable suggestions of the court." Much of
the second bill of exceptions is made up of matters which are
immaterial, as they relate to charges against the petitioner on
which no order was made. The material errors and omissions
stated in the report leave only one or two unimportant excep-
tions correctly stated which are distinct and separate from the
others. The case presents these important questions of prac-
tice: When a bill of exceptions is found to be full of errors and
generally untrue, and when the excepting party declines to
amend it in accordance with proper suggestions of the judge, so
that the judge has good reason to believe, and does believe, that
he does not desire or intend to make his bill of exceptions con-
formable to the truth, is it the duty of the judge, if it is possible
to find in the bill any exception correctly stated, to search it
out and allow it separately? In such a case, if the judge certi-
fies a general disallowance of the exceptions, has the excepting
party a right, on a petition to prove exceptions, to have the
single exception separated from the rest of the bill and after-
wards considered by the court?

The Pub. Sts. c. 153, § 8, provide that exceptions shall be
" reduced to writing in a summary mode," and " being examined
and found conformable to the truth, shall be allowed by the
presiding judge." By section thirteen of the same chapter a
party aggrieved by the disallowance or failure to sign and return
the exceptions may establish the truth of them before the Su-
preme Judicial Court, and the same proceedings shall then be had
as if they had been allowed in the usual way. No one but a
party "aggrieved" by the failure of the presiding justice to
allow exceptions which ought to be allowed has any standing
to have them proved upon a petition to the Supreme Judicial
Court. Unless the bill of exceptions is in such a form that it is
the duty of the judge to whom it is presented to allow it as
a whole, or to separate certain exceptions which are correctly
stated, and to allow them and disallow the others, there is no case
which calls for favorable action upon a petition to prove excep-
tions. Accordingly, it was held in *Ryder* v. *Jenkins*, 163 Mass.
536, that the presiding justice rightly disallowed a bill of excep-

tions which, though conformable to the truth, contained a full report of all the evidence in the case by question and answer, at great length, and a petition to prove the exceptions in this court was dismissed. The right of the excepting party to have his exceptions allowed by the presiding justice, or proved upon a petition to this court, rests upon the statute, with whose provisions he must comply. One of these provisions is that the exceptions shall be " reduced to writing in a summary mode." The case last ,cited was an instance of a failure to comply with this provision. Another is that the exceptions shall be conformable to the truth, and it is only when their truth is established that they can be proved on a petition.

Absolute accuracy in all cases, in reducing exceptions to writing, is not to be expected. Accordingly, great liberality is shown in permitting amendments to bills of exceptions before they are allowed. Where a party has in good faith attempted to comply with the statute in making his statement conformable to the truth, he should have ample opportunity before the judge to supply omissions and correct errors. Innocent omissions or errors in some parts of his bill should not deprive him of his right to waive exceptions which are not correctly stated, and to insist upon the others. This doctrine is applied in hearings upon petitions to prove exceptions, as well as in hearings before the presiding justice on the allowance of exceptions. It is assumed in these cases that there has been an honest purpose and an attempt to make the bill of exceptions conformable to the truth, and that the errors and omissions are unintentional. In *Morse* v. *Woodworth*, 155 Mass. 233, 241, a case which goes to the extreme of liberality in favor of petitioners to prove exceptions, is this language : " If such errors are found, which may fairly be attributed to inadvertence, and which do not essentially change the exception intended to be taken, or if there is an omission of details which can readily be supplied, and which ought to be added in order properly to present the exception relied upon, it is within the power of this court, under a reasonable construction of the statute referred to, to suggest such needed amendments to the excepting party, and, if he adopts them, to allow him the benefit of his exceptions as thus amended." Then follow qualifications and explanations which show that

in this case the excepting party was supposed to have intended to present his exceptions accurately, and it was held that the objection on account of his inaccuracy was not so serious as to deprive him of his exceptions. But if the errors in a bill of exceptions are such as to indicate that it was not intended to be conformable to the truth, and especially if the excepting party at the hearing before the presiding justice declines to adopt proposed amendments which would make the exceptions conformable to the truth, this opinion does not intimate that it is the duty of the presiding judge carefully to examine the bill to see if any exception can be found which is correctly stated, and to allow it, or that it is the duty of this court so to do upon a petition to prove the exceptions. In reference to the question whether, as a condition precedent to the right to have exceptions allowed, there has been a substantial compliance with the requirement of the statute to present a bill of exceptions which is conformable to the truth, the bill is to be considered as a whole. If it appears that there has been such a compliance, then all exceptions which are correctly stated should be allowed, and amendments may be made to perfect the statement if they do not change the substance of the exceptions. But if it appears that the exceptions generally are not conformable to the truth, and the excepting party at the hearing before the judge declines to adopt amendments which will make them true, it properly may be held that he has not honestly and in good faith endeavored to comply with the statute, and has not brought himself within its provisions, and the entire bill properly may be disallowed. The court, however, should be very cautious in so holding when the bill contains any important separable exception which is correctly stated. *Sawyer* v. *Yale Iron Works*, 116 Mass. 424. If the entire bill is rightly disallowed, the excepting party is not aggrieved, and his exceptions cannot subsequently be allowed in this court.

It is plainly the duty of the judge to whom the exceptions are presented to make such an order in regard to them as would be made by this court on a petition to prove them. If the bill is in such a form that the exceptions cannot be allowed as stated, and if the omissions and errors appear to have been made by inadvertence, separable exceptions correctly stated should be

allowed, and amendments should be permitted as above stated; while those that are not conformable to the truth, either as originally stated or as corrected by amendments incorporated into the bill by the excepting party, should be disallowed. It is not contemplated by the statute that in cases where a bill of exceptions cannot be allowed as a whole, but where the party has intended to present a true bill, and where certain independent exceptions are correctly stated, that the presiding judge should disallow all the exceptions and leave to this court the work of examining all the material testimony in the case and determining primarily what exceptions should be allowed.

When a party presents a petition alleging that he is aggrieved by the disallowance of his exceptions, the case is to be considered as the presiding justice should have considered it at the end of the hearing. The question is : Has the party brought himself within the statute by reducing his exceptions to writing in a summary mode and by presenting a bill which is conformable to the truth? On the last branch of this inquiry the question is, more particularly : Is the bill of exceptions, taken as a whole, in such a form as to indicate that the excepting party has, in good faith, made an honest effort to present the exceptions truly? In determining this his conduct at the hearing may be considered, and his willingness or unwillingness to accept proper amendments to make the bill correct may be important evidence. If he has not brought himself within the statute in this particular, his exceptions should be disallowed, without reference to the question whether it is possible to separate a grain of truth from the mass of error.

In the present case, looking first to the last bill of exceptions, there are ten exceptions stated in it, counting as one the exception to the refusal to give the instructions requested at the close of the evidence. Of these the only one bearing upon the charges on which the order against the petitioner was made that is unaffected by the errors or omissions found by the commissioner, and that is independent of the other exceptions, is the exception to the admission of evidence that the notes given in the attempt to bribe Lang purported to be signed by E. R. Donovan and indorsed by James C. Donovan. There is much of erroneous and incomplete statement in the bill which seems intended to

show unjust treatment of the petitioner by each of the two jus-
tices who at different times sat and made orders in the case.
On the bill of exceptions as originally presented, and much
more when the petitioner declined to amend it, we are of opinion
that the presiding justice might well hold that the petitioner
had not brought himself within the statute which requires one,
as a condition precedent to the allowance of any exceptions, hon-
estly and in good faith to present a bill which is intended to be
true.    We think the judge was right in disallowing the whole
bill on this ground, even though one or two of the separate and
independent exceptions were correctly stated.

The first bill of exceptions states three matters of which the
petitioner complains.    First, it recites that on September 13,
1897, a demurrer to the eight charges against him having been
filed, the court made the following order:  " All preliminary
matters in said cause are to be heard on Friday, September 17,
1897, at two o'clock in the afternoon at the court-house in East
Cambridge, and cause to be heard on its merits on Monday,
September 20, 1897, at 9.30 o'clock in the forenoon at the same
place."    Secondly, it states that on September 17, 1897, the
court, " without any hearing and against the respondent's objec-
tions, and subject to his exceptions overruled said demurrer and
ordered the case to stand for trial on its merits."    Thirdly, it
states that the judge then ruled that the respondent had no
right to any exception, and refused to allow him any, to which
last ruling the respondent excepted.    On Monday, September
20, 1897, before the case was heard, the court amended the
record of the order of September 13, which was originally en-
tered by the clerk in the form set out in the bill of exceptions,
by inserting in it after the words " East Cambridge and " the
words " unless cause is shown at that time why it should not be
heard."    In regard to this bill of exceptions, the commissioner,
after stating the facts at length, summarizes as follows : " I find
that the bill of exceptions marked A, which was filed September
18, 1897, is not conformable to the truth in three particulars,
namely : First, the copy of the order of the court of September
13, 1897, does not conform to the true record as amended by
order of the court on September 20, 1897.   The petitioner re-
fused to amend it to conform to the records, claiming that he

had a right to have it stand as it was originally entered by the clerk, and denying the well recognized right of the court to order its records at any time to be amended to conform to the truth. Second, the statement of the court's action upon the demurrer is untrue in respect to the allegations that the demurrer was overruled without hearing, (for there was a lengthy hearing upon the question whether a demurrer could be filed of right in such cases,) and in failing to state that the demurrer was overruled without prejudice to the petitioner's right to raise all questions as to the sufficiency of the charges at the hearing on the merits. Third, the statement that the court refused to allow an exception to be taken to the overruling of the demurrer is untrue, for the court distinctly stated, as appears by the stenographer's notes, that if the petitioner had a right to except to a matter of this kind, he would allow the exception." These findings show that the last exception was wholly unfounded. They show that the exception in regard to the overruling of the demurrer was unfairly stated in such a way as to indicate that the judge gave the petitioner no hearing, and did not intend to reserve him his rights on the questions raised by the demurrer. It was followed by a false statement that the judge refused to allow him an exception, and was preceded by a false statement of the record, which was intended to show that the judge determined absolutely that the hearing on the merits should be on a certain day, without reference to the result of the hearing of preliminary matters, appointed for an earlier day. We think the judge was well warranted in deciding that this first bill of exceptions was not conformable to the truth, within the meaning of the statute, and in disallowing it altogether. We are confirmed in this view by the fact that the two bills of exceptions were considered by the judge at the same time, and the conduct of the petitioner in regard to the other properly might be considered in connection with this.

The evidence was reported at the request of the petitioner in order that it might be determined whether the findings of the commissioner are correct. But none of these findings has been particularly called in question in argument, and we have no reason to think that any of them are erroneous.

*Petition dismissed.*

THE SECOND CASE was a petition to the Superior Court for the removal of the respondent from the office of an attorney at law. Byron B. Johnson, Esq., was appointed special prosecutor. The facts appear in the opinion.

The case was argued by the same counsel.

KNOWLTON, J. This case is before us on an appeal by the respondent, and on a motion to dismiss the appeal by the appointed prosecutor. The appeal has been fully argued by the appellant on its merits, and both parties agree that it may be considered by the court, without reference to the motion to dismiss.

In a case of this kind, nothing is open but matters of law apparent on the record. Pub. Sts. c. 152, § 10. There are three orders which are appealed from. The first two relate to the procedure in the case, and the third is the final judgment removing the appellant from the office of attorney at law in this Commonwealth. The first of these orders was entered on May 26, 1897, directing a consolidation of the charges, and that the case be set down for trial as the first case at the June sitting of the court. Doubtless for good reasons, the case was not tried at the June sitting, and the order in regard to the time of trial was not acted upon. The appellant has not argued his appeal from this order, and we see no good ground on which he can object to the order.

The record shows that on September 13, 1897, the court made another order as follows: "All preliminary matters in said cause to be heard on Friday, September 17, at 2 o'clock in the afternoon at the court-house in East Cambridge, and unless cause is shown at that time why it should not be heard, the cause to be heard on its merits on Monday, September 20, 1897, at 9.30 o'clock in the forenoon at same place." From this order the respondent appealed. We have no reason to believe that the order was not entirely proper in matters of fact. Certainly the record shows nothing in it erroneous in law. It was an order of a usual kind in cases where preliminary questions are raised as well as questions upon the merits. There is no good foundation for this appeal.

On October 8, 1897, after a full hearing, the court found upon the evidence that the truth of all but the first of the eight charges

filed by the prosecutor was established, and thereupon entered a judgment in these words : " Without passing upon the sufficiency of the second, third, fourth, and seventh of said charges as a cause or· causes for his removal, it is adjudged and hereby ordered that upon the fifth, sixth, and eighth of said charges the said Bernard D. O'Connell 'be and is removed from the office of attorney at law in this Commonwealth." The appeal from this judgment presents the only remaining question before us. There can be no good ground for doubt that the facts alleged in the fifth, sixth, and eighth charges, and proved at the hearing, well warranted the removal of the respondent from the bar. The fifth charge is : " That in 1892 and 1893 respondent improperly appeared for both plaintiff and defendant in actions pending in this court [the Superior Court], and which involved the same issue." The sixth charge is that in August, 1895, and thereafter, " the respondent used a legal process in an abusive and oppressive manner." Particulars and specifications are given under each of these charges. Upon these charges the court might find the respondent guilty of " malpractice or other gross misconduct," which is a ground of removal of an attorney at law from his office under the Pub. Sts. c. 159, § 39.

The eighth charge is that the respondent " did unlawfully incite, move, procure, aid, and counsel " another person in an attempt to bribe a member of the city council of Lowell in matters pertaining to the official actions of this member, and for specifications reference was had to a criminal complaint on which the respondent was prosecuted. It may well be found that a person who is guilty of such a crime has ceased to be of that good moral character prescribed by the statute as a requirement for admission to the bar, and under the jurisdiction at common law he may be removed from his office as an attorney in the courts. *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 183, and cases there cited.

The order overruling the respondent's demurrer to the charges was not in terms appealed from. If it had been, the appeal could not have been heard in this court until after the decision of the case upon the merits. *Kellogg* v. *Kimball*, 122 Mass. 163. *Bennett* v. *Clemence*, 3 Allen, 431. If we assume that the appeal from the judgment on the merits opens questions of

law on the order overruling the demurrer, we see no error of which the respondent can avail himself.   Whether the demurrer was rightly filed or not, the record shows that it was overruled without prejudice as to any question which might be raised by the respondent upon the hearing of the case on its merits.   It could not have been sustained, because, as we have already seen, the charges on which the respondent was removed constitute sufficient grounds for his removal.

It does not appear that any error of law is involved in the judgment against the respondent.   We do not see that any question in regard to the constitutionality of the proceedings appears upon the record.                    *Judgment affirmed.*