WALTER A. TAYLOR & another *vs.* PIERCE BROTHERS, Limited.

Bristol.   October 26, 1914. — October 29, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Exceptions.

Where a bill of exceptions was unnecessarily voluminous and contained much evidence set forth by question and answer which should have been abbreviated and put in narrative form, this court, upon a motion filed and heard when the exceptions came on for argument before the full court, ordered that the exceptions should be dismissed, but (this being the first instance of such a motion to dismiss) with permission to the excepting party to apply within twenty days for leave to amend his exceptions, and that, if no such application was made, judgment should be entered on the verdict.

TORT under St. 1909, c. 514, § 129, by the father and mother of Robert A. Taylor, a minor, late of New Bedford, who were alleged to have been his next of kin and dependent upon his wages for support, for his instantaneous death on August 16, 1910, when he was employed in the defendant's cotton mill in New Bedford. Writ dated November 19, 1910.

At the trial in the Superior Court before *Dubuque,* J., the jury

returned a verdict for the plaintiffs in the sum of $2,500; and the defendant alleged exceptions.

The case came on to be argued before this court upon the defendant's exceptions, whereupon the plaintiffs filed a motion in writing that, because of the length and form of the bill of exceptions, the exceptions should be dismissed and judgment should be entered on the verdict.

*C. R. Cummings,* for the plaintiffs.

*A. J. Jennings,* (*I. Brayton* with him,) for the defendant.

By THE COURT. This is a motion that the defendant's exceptions, because of their length and form, be disposed of by ordering judgment for the plaintiffs on the verdict. The exceptions are obnoxious to the rule stated in *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, 387, and reiterated with emphasis in *Isenbeck* v. *Burroughs,* 217 Mass. 537, *Romana* v. *Boston Elevated Railway,* 218 Mass. 76, 81, and *Corsick* v. *Boston Elevated Railway,* 218 Mass. 144. Much of the evidence is set forth by question and answer, which should have been abbreviated and put in narrative form. Thus, the points of law at issue could have been presented more intelligibly and concisely, the rights of the parties have been better protected and the expense of the litigation have been reduced. This record, however, is not so unjustifiably voluminous as in the cases cited. It is the first instance where a motion has been made for drastic dealing with exceptions drawn contrary to this principle. The practice of counsel in drafting exceptions, and of judges in allowing them, hardly could have been expected to have become fully adjusted to it when these exceptions were filed. Hence, the motion is granted only in part.

Let the entry be

> *Exceptions dismissed without prejudice to the defendant to apply, within twenty days from the entry of this rescript, for leave to amend its exceptions. If no such application is made, judgment on the verdict.*