WILLIAM A. GRAUSTEIN, petitioner.

Middlesex. February 5, 1940. — April 2, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Exceptions: allowance and establishment, amendment of bill.

A petition for the establishment of exceptions was dismissed because the bill was unnecessarily and unreasonably long due to unnecessary statements of testimony in the form of questions and answers and of details of evidence that either were unimportant or, so far as material to the questions of law sought to be raised by the exceptions, could have been summarized adequately in much briefer form.

One seeking the establishment of exceptions cannot obtain in this court through amendments a complete redrafting of the bill necessary to put it in proper form.

PETITION, filed in this court, for the establishment of exceptions.

*W. A. Graustein, pro se.*

*J. A. Lane,* for the respondent.

FIELD, C.J. This is a petition brought by the plaintiff in the case of Graustein v. Barry, which was tried in the Superior Court by a judge sitting without a jury,* to establish exceptions of the plaintiff — alleged to have been taken at the trial — disallowed by the trial judge. The defendant in that case has filed a motion to dismiss the petition.

A petition to establish the truth of exceptions is in the nature of an appeal, by a party "aggrieved" by the disallowance of such exceptions, for the purpose of correcting an error committed in the trial court. G. L. (Ter. Ed.) c. 231, § 117. It can be maintained only by "a party 'aggrieved' by the failure of the presiding justice to allow exceptions which ought to be allowed," *O'Connell, peti-*

---

* *Beaudreau,* J.

*tioner*, 174 Mass. 253, 255, that is, "when the act or omission of the judge is erroneous." *Meehan, petitioner*, 208 Mass. 60, 63. It does not appear from the petition in this case — even if, in favor of the petitioner, it is assumed that the allegations of the petition are true — that this bill of exceptions should have been allowed in the Superior Court as a whole or in part. As appears from inspection of the bill of exceptions originally filed, it is unnecessarily and unreasonably long because of the unnecessary statement of testimony in the form of questions and answers and the statement of details of evidence that are either unimportant or, so far as material to the presentation of questions of law sought to be raised by the exceptions, could have been summarized adequately in much briefer form. The bill, therefore, does not meet the statutory requirement that the exceptions "shall be reduced to writing in a summary manner" — a condition precedent to the allowance of a bill of exceptions — G. L. (Ter. Ed.) c. 231, § 113, and for this reason was rightly disallowed. See *Ryder* v. *Jenkins*, 163 Mass. 536, 537; *O'Connell, petitioner*, 174 Mass. 253, 256; *Horan, petitioner*, 207 Mass. 256, 257–258; *Isenbeck* v. *Burroughs*, 217 Mass. 537, 539; *Romana* v. *Boston Elevated Railway*, 218 Mass. 76, 81; *Corsick* v. *Boston Elevated Railway*, 218 Mass. 144, 145; *Taylor* v. *Pierce Brothers, Ltd.* 219 Mass. 187, 188; *Freedman, petitioner*, 222 Mass. 179, 181.

A different conclusion does not follow from the allegations of the petition — even if true — in regard to the conduct of the petitioner in seeking amendments in the Superior Court — which were not allowed — to the bill of exceptions as originally filed. The provision of G. L. (Ter. Ed.) c. 231, § 113, that the "excepting party may be allowed to make such amendments to his bill of exceptions as will make it a more accurate statement of the exceptions originally filed by him," is to be construed liberally. *Dorr* v. *Schenck*, 187 Mass. 542, 544. See also *O'Connell, petitioner*, 174 Mass. 253, 256; *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 213. Since the exceptions were disallowed it is unnecessary to consider the extent to which

a judge of the trial court may go, in the exercise of a sound judicial discretion, in allowing amendments to a bill of exceptions. See *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 213–214, where the bill of exceptions was allowed and it was held that the "changes made in the bill as allowed" did not exceed "the limits of permissible amendments." The "place to settle exceptions and to make such amendments as may be necessary to render accurate the statement of the exceptions originally filed is in the Superior Court in ordinary cases. . . . In the rare instances when it is necessary to file a petition for the establishment of exceptions in this court [the Supreme Judicial Court], the field of inquiry is not broadened beyond the exceptions filed in the Superior Court except as to slight unintentional errors." *Freedman, petitioner*, 222 Mass. 179, 181. "'We have nothing to do with anything except the bill of exceptions' which was 'actually and seasonably tendered to the judge' and which by the 'petition he now seeks to establish.' *Morse* v. *Woodworth*, 155 Mass. 233, 241. *Freedman, petitioner*, 222 Mass. 179." *Moneyweight Scale Co., petitioner*, 225 Mass. 473, 476. (Of course we do not intimate that amendments to the original bill of exceptions actually allowed may not be considered.) It is apparent from inspection of the original bill of exceptions filed that it cannot be put in such form as to comply with the statutory requirement of statement "in a summary manner" merely by the correction of slight errors. A complete redrafting of the bill of exceptions would be required. The petition cannot be maintained for the purpose of obtaining such a redrafting of the bill through the allowance of amendments.

                                                    *Petition dismissed.*