# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

MAX ABELMAN, petitioner to establish the truth of exceptions. January 27, 1943. Petition dismissed. Ordered that a copy of this rescript be transmitted to the clerk of the Superior Court for the county of Suffolk, where the original cases were brought. This is a petition by Max Abelman to establish the truth of a substitute consolidated bill of exceptions in five cases tried in the Superior Court. In one of the five cases, Abelman v. Mutual Life Ins. Co. of New York, the petitioner's exceptions were dismissed by an order of the Superior Court. This was proper practice. Day v. McClellan, 236 Mass. 330. Gallagher v. Atkins, 305 Mass. 261, 263. The question whether this order was right is not before us. No exceptions to this order have been perfected and the order now stands. We assume in favor of the petitioner that the substitute consolidated bill of exceptions was an amendment allowed in the Superior Court to the original bill or bills of exceptions filed therein. It is obvious, however, that the exceptions in the case of Abelman v. Mutual Life Ins. Co. of New York, having been dismissed, cannot now be allowed. Nor can a consolidated bill of exceptions including these exceptions be allowed. The petitioner, however, asks that, if the consolidated bill of exceptions is not allowed as a whole, it be allowed with respect to the four cases other than the one in which the exceptions have been dismissed, in effect amending the consolidated bill of exceptions. Such an amendment, if desired, should have been sought in the Superior Court. It cannot be made in this court. This conclusion is in accord with what was said in Graustein, petitioner, 305 Mass. 568, 570, quoting from Freedman, petitioner, 222 Mass. 179, 181: "The 'place to settle exceptions and to make such amendments as may be necessary to render accurate the statement of the exceptions originally filed is in the Superior Court in ordinary cases . . . . In the rare instances when it is necessary to file a petition for the establishment of exceptions in this court [the Supreme Judicial Court], the field of inquiry is not broadened beyond the exceptions filed in the Superior Court except as to slight unintentional errors.' . . . [Of course we do not intimate that amendments to the original bill of exceptions actually allowed may not be considered.]" It may be that the amendment sought could be made by slight verbal changes in the consolidated bill of exceptions, but nevertheless it relates to a matter of substance and not to "slight unintentional errors." The petitioner is not aided by the fact stated in his affidavit that he suggested such an amendment to the trial judge. It does not appear that any such amendment was allowed in the Superior Court.

F. I. Rose, for the petitioner.
D. E. Murphy & B. Aldrich, for the respondents.