DAVID RINES, petitioner.
DAVID RINES, petitioner.

Norfolk.    October 4, 8, 1954. — November 5, 1954.

Present: QUA, C.J., LUMMUS, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Exceptions: allowance and establishment, contents of bill.

An order made by a trial judge after hearing on the allowance of a bill of exceptions, that the excepting party be given leave to file an amended bill which would set forth in full the judge's charge and would make various other specifically stated changes, was a refusal to allow the bill in its original form, and a petition to establish it in its original form filed much later thereafter than the time prescribed by Rule 22 of the Rules for the Regulation of Practice before the Full Court (1952) must be dismissed for want of seasonable filing.  [717–718]

A petition to establish a voluminous consolidated bill of exceptions filed after a lengthy trial of a number of actions together must be dismissed for noncompliance of the bill with the requirement of G. L. (Ter. Ed.) c. 231, § 113, as amended by St. 1945, c. 328, that the exceptions "shall be reduced to writing in a summary manner" where the major part of the bill consisted of testimony largely reproduced verbatim by question and answer without any serious attempt to summarize it.  [719–720]

PETITIONS to establish exceptions, filed in this court on May 4, 1954, and May 20, 1954, respectively.

*Lester W. Cooch*, (*David Rines* with him,) for the petitioner.

*Bertram A. Sugarman*, for the respondents Mary Gilmore and others.

*John A. Perkins & John F. Dunn*, for the respondent Louis Wolff.

*Leon F. Sargent*, for the respondent Isaac R. Jankelson.

QUA, C.J.   These are two petitions filed under G. L. (Ter. Ed.) c. 231, § 117, by the petitioner both individually and as administrator of the estate of his deceased wife Lucy L. Rines to establish respectively two consolidated bills of exceptions in sixteen actions at law tried in the Superior Court in some of which the petitioner brought the action personally and in others of which he brought the action in his capacity as administrator.


## THE FIRST PETITION.

The first petition, filed on May 4, 1954, seeks to establish the petitioner's so called "Second Substitute Consolidated Bill of Exceptions," filed on May 4, 1951. This bill, as its title indicates, is not an original bill of exceptions. It is a matter of serious doubt whether the trial court ever permitted it to be filed or to stand as a substitute for or amendment of the original bill. What happened was that the petitioner moved to amend his original bill by substituting therefor his "Substitute Consolidated Bill of Exceptions" (not the one to which this first petition relates). On January 8, 1951, this motion was denied, but by the same order the petitioner was granted leave to amend his original bill by filing a "Second Substitute Consolidated Bill of Exceptions" on or before May 6, 1951. Such a bill (the one to which this first petition does relate) was filed on May 4, 1951, and was seasonably presented to the trial judge, and affidavits of presentation were seasonably filed. Thereafter a hearing was held on June 29, 1953, and on July 2 the trial judge entered an order reading, "After hearing upon the

allowance of the plaintiff's Second Substitute Consolidated Bill of Exceptions, it is ordered that the plaintiff be given leave to file on or before September 15, 1953, an Amended Second Substitute Consolidated Bill of Exceptions which will: —

"1. Set forth in full the charge of the Court to the Jury; and . . . ." Then follows a detailed enumeration of changes which were to be made in the "Second Substitute Consolidated Bill of Exceptions" (the one to which this first petition relates). In pursuance of this order the petitioner did, on September 15, 1953, file an "Amended Second Substitute Consolidated Bill of Exceptions" (not the one to which this first petition relates) in which he incorporated some of the changes specified in the order of July 2, 1953, but failed to incorporate others which he contends were not conformable to the truth. The petition alleges that this amended bill "was never substituted for the said Second Substitute Consolidated Bill of Exceptions" (the one to which this first petition relates). It does not appear that any order was ever made expressly permitting this "Second Substitute Consolidated Bill of Exceptions" (the one to which this petition relates) to be filed or to stand as an amendment to the original bill. If such amendment was never permitted in the trial court this "Second Substitute Consolidated Bill of Exceptions" (the one to which this first petition relates) has no standing and cannot be established in this court. *Graustein, petitioner*, 304 Mass. 679. *Hector* v. *Boston Electric Light Co.* 161 Mass. 558, 560–561. *Ryder* v. *Jenkins*, 163 Mass. 536, 538. See *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148.

The petitioner contends, however, as we understand him, that the order of the court of July 2, 1953, containing at its beginning the words, "After hearing upon the allowance of the plaintiff's Second Substitute Consolidated Bill of Exceptions [the one to which this first petition relates], it is ordered that the plaintiff be given leave to file on or before September 15, 1953, an Amended Second Substitute Consolidated Bill of Exceptions . . ." constituted an implied

recognition of the "Second Substitute Consolidated Bill of Exceptions" (the one to which this first petition relates) as having been properly filed so that a hearing could be, and was, had upon the question of its allowance, and that this was equivalent to a formal order permitting the petitioner to amend the then pending exceptions in accordance with said "Second Substitute Consolidated Bill of Exceptions."

If we accept this contention the petitioner's position is not improved. If, as this contention presupposes, the judge held a hearing on June 29, 1953, on the question of allowance of the petitioner's "Second Substitute Consolidated Bill of Exceptions" (the one to which this first petition relates) it is plain that his order of July 2 represented the action which he intended to take as a result of that hearing, and that this action was not an allowance of that bill of exceptions. It was a disallowance of the bill as filed, even though accompanied by a statement in precise detail of what changes might be made in it on or before September 15 which presumably would induce the judge to allow it as changed. Some of these changes were never made. It is provided by G. L. (Ter. Ed.) c. 231, § 117, that if the judge "disallows or fails to sign and return the exceptions or alters any statement therein" the truth of the exceptions presented may be established before this court. By his order of July 2, 1953, the judge made it abundantly clear that he had no intention of signing and returning the bill of exceptions in the form presented to him, and that he refused to allow it.

Rule 22 of the Rules for the Regulation of Practice before the Full Court, 328 Mass. 692, 701–702, provides that whenever a party seeks to establish the truth of allegations in a bill of exceptions which a judge has refused to allow and sign he shall file his petition within twenty days after notice of such refusal, and that no party shall be allowed to establish the truth of any such allegations in this court if he has failed to comply with this rule. The first petition to establish now before us was not filed until May 4, 1954, more than ten months after the order of the judge refusing to allow and sign the "Second Substitute Consolidated Bill

of Exceptions." It must be assumed, in the absence of anything to show the contrary, that the petitioner had notice in due course of the action of the judge. This first petition was therefore filed too late.

If the petitioner's "Second Substitute Consolidated Bill of Exceptions" (the one to which this first petition relates) was not disallowed by the order of the court of July 2, 1953, there is nothing anywhere in the petition or the accompanying affidavits to show that it has been disallowed at all, unless indeed an order in December, 1953, dismissing all bills of exceptions filed by the petitioner could somehow be construed as a disallowance of them, and even in that event the first petition to establish now before us was not filed within the time required by Rule 22.

This first petition therefore must be dismissed.

## THE SECOND PETITION.

The second petition filed on May 20, 1954, seeks to establish the petitioner's very first consolidated bill of exceptions without regard to any subsequent amendments or attempts to amend. The petition rests upon the theory that, although this bill was filed several years ago, "no hearing has ever been held on said consolidated bill of exceptions and no action has ever been taken thereon by the trial judge." The petitioner, however, states that on January 8, 1951, the judge denied the petitioner's motion to amend his original bill by substituting therefor his "Substitute Consolidated Bill of Exceptions," but by the same order granted leave to amend the original bill by filing a "Second Substitute Consolidated Bill of Exceptions." This second substitute bill was the subject of the order of July 2, 1953, previously referred to, wherein the judge stated that "After hearing upon the allowance of the plaintiff's Second Substitute Consolidated Bill of Exceptions" the plaintiff was given leave to file an "Amended Second Substitute Consolidated Bill of Exceptions" which should contain the specific enumerated changes to which reference has already

been made.   If either of the orders just referred to constituted a disallowance of the original bill, or a failure to sign and return it, or an alteration of it, all within the meaning of § 117, this second petition to establish was filed far too late to comply with Rule 22.   Moreover, if the order of July 2, 1953, had the effect, as the petitioner has contended, of recognizing the "Second Substitute Consolidated Bill of Exceptions" as an amended bill, even though disallowed by the order, then this "Second Substitute Consolidated Bill of Exceptions" took the place of the original consolidated bill and the original bill cannot now be established for that reason.

But there is another reason which in our opinion is fatal to the establishment of the original consolidated bill.   General Laws (Ter. Ed.) c. 231, § 113, as appearing in St. 1945, c. 328, provides that exceptions "shall be reduced to writing in a summary manner."   This requirement seems to have been almost entirely disregarded in preparing the original consolidated bill of exceptions now sought to be established. This bill contains in three thick volumes 1,101 long typewritten pages, without counting copies of the pleadings annexed at the end.   Of these pages approximately 1,000 consist of testimony of which much the greater part is reproduced verbatim by question and answer simply copied from the transcript.   No serious attempt appears to have been made to summarize this evidence.   The intent seems to have been to reproduce it practically in its entirety to the smallest detail.   It is true that a number of cases were tried together on about seventeen trial days, but all of the cases related to the medical history and treatment of one person over a comparatively short period of time.   It may also be said that these were cases in which cross-examination might be of peculiar significance.   But nevertheless there is nothing in the cases to justify the inclusion in a bill of exceptions of any such mass of material.   That this was unnecessary is demonstrated by the fact that the "Second Substitute Consolidated Bill of Exceptions," to which the first of these present petitions relates, has been successfully

reduced to slightly less than one quarter of the size of the original consolidated bill without loss of effectiveness. We think it could have been still further reduced. A proper bill of exceptions should have been settled in the Superior Court. A petition to establish exceptions in this court cannot be used as a means of completely redrafting or remodeling the bill in this court. *Graustein, petitioner*, 305 Mass. 568, 570. Because the original consolidated bill of exceptions does not comply with the statute, this second petition, which is a petition to establish that bill, must be dismissed. *Churchill* v. *Palmer*, 115 Mass. 310, 314–315. *Ryder* v. *Jenkins*, 163 Mass. 536. *Taylor* v. *Pierce Brothers, Ltd.* 219 Mass. 187. *Freedman, petitioner*, 222 Mass. 179, 181. *Graustein, petitioner*, 305 Mass. 568. See *Horan, petitioner*, 207 Mass. 256; *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 215 Mass. 381, 387; *Isenbeck* v. *Burroughs*, 217 Mass. 537, 539; *Romana* v. *Boston Elevated Railway*, 218 Mass. 76, 81; *Corsick* v. *Boston Elevated Railway*, 218 Mass. 144, 145.

*Petitions dismissed.*