CITY OF SOMERVILLE & another, petitioners. November 30, 1967. This is a petition in the county court to establish the truth of exceptions alleged to have been taken by the defendants in the case of Ander v. Somerville & another in the Superior Court. *Melnick, petitioner,* 324 Mass. 524, 527, G. L. c. 231, § 117. The judge of the Superior Court disallowed the bill of exceptions as not conformable to the truth, and as not set forth in summary form as required by G. L. c. 231, § 113. The single justice entered an order dismissing the petition. The petitioners excepted to that order. The single justice found that the bill is seventy-six pages in length; that all but five pages consist of questions and answers, immaterial colloquy, and frivolous evidential exceptions; and that it did not approach compliance with the statutory requirement of narrative form. *Graustein, petitioner,* 305 Mass. 568, 569. *Rines, petitioner,* 331 Mass. 714, 719. *Western Union Tel. Co.* v. *Fitchburg Gas & Elec. Co.* 334 Mass. 587, 593. He then concluded, among other things, that "the bill was in grossly improper form and properly disallowed as such." This ruling was obviously correct.

*Exception to the order dismissing the petition overruled.*

*Francis D. Privitera,* City Solicitor (*Charles P. Mamakos,* Assistant City Solicitor, with him), for the petitioners.
*Martin L. Aronson* for the respondent.

HAROLD B. FOOTE *vs.* PROCESS EQUIPMENT CO., INC. November 30, 1967. The defendant appeals from an order of the Appellate Division dismissing a report from the District Court judge who refused to allow a motion for postponement filed under Rule 15 of the Rules of the District Courts (1965). The opinion of the Appellate Division recites that: "[t]he decision as to whether or not a case shall be tried when reached or continued for hearing at a later time rests within sound judicial discretion. *Morgan* v. *Steele* 242 Mass. 217 and cases cited." This is obviously a correct statement of the law. The Appellate Division opinion also discusses the aforementioned Rule 15. We see no need for any further discussion. There was no error.

*Order dismissing report affirmed.*

*Willis A. Downs* for the defendant.
*Seymour Bluhm* for the plaintiff.