*Western District*

No. 184,366.

### EDWARD WILLAMETZ

v.

### FRANK COLLINA

Argued: April 18, 1968   Decided: May 14, 1968

*Present:* Garvey, P. J., Moore, and Allen, J. J.

Tried to: *Sloan, J.*, in the District Court of Springfield.
No. 184366

*Allen, J.* This is an action of contract for wages and equipment rental. From the denial of his petition for a re-hearing on his motion to remove a non-suit the plaintiff claims to be aggrieved.

The case was entered on October 4, 1965. The report shows that thereafter the following oc- scheduled for trial the plaintiff's attorneys, curred. On April 26, 1966 when the case was with the consent of the court, filed a disappear- ance and the plaintiff was non-suited. On April 28, 1966 the non-suit was removed. The case was re-assigned for trial on January 18, 1967 with an order of the court that "no fur- ther continuances to be granted." On that date the plaintiff's attorney did not appear in court but the plaintiff did. Refusing to procure other counsel or proceed pro se he was again non- suited. On March 1, 1967, the plaintiff's motion

to remove this non-suit was denied. Plaintiff's claim of a report to this denial was dismissed because of his failure to comply with Appellate rules.

Plaintiff then filed a petition for a re-hearing on his motion to remove the non-suit. On July 29, 1967, after hearing, the petition was denied. That the court abused its discretion in this denial is the only claim of error presented.[1]

There was no abuse of discretion.

■■■  Allowance of a motion to remove non-suit rests in the sound discretion of the court. "Such motions ought not to be granted unless on a survey of the whole case it appears to judicial conscience and judgment that otherwise a miscarriage of justice will result . . . An 'abuse of discretion' consists of judicial action 'that no conscientious judge acting intelligently, could honestly have taken' . . . Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised." *Bartley* v. *Phillips*, 317 Mass. 35.; *Foote* v. *Process Equipment Co.*, 353 Mass. 755.

■  "The action of the judge 'should be exercised so as to promote and *not to baffle an orderly* and proper administration of justice, and not to encourage *carelessness, ignorance, laxity or finesse of practice* in the courts.' " *Hackney* v. *Butler*, 339 Mass. 605, 609.

---

[1] After filing his brief, the fifth and last of a series of lawyers who had filed appearances for the plaintiff in this litigation filed his disappearance.

We think very apropos in the present case is Judge Lummus statement in *Long* v. *George,* 296 Mass. 574: "In the present case, we see no reason to reverse the exercise of discretion in the Superior Court. Though its main purpose is to do justice, a lawsuit cannot be an endless search for the absolute truth. The interests of the public and of the parties require that litigation end after both parties have had reasonable opportunity to present their evidence and arguments."

**The report is to be dismissed.**

EUGENE A. BERMAN
of Springfield for the defendant.
The plaintiff — pro se.