## SIMPSON E. BATES *vs.* JOSEPH SANTOM, JR.

Worcester. October 5. — 6, 1874. COLT & MORTON, JJ., absent.

When it appears in a bill of exceptions that evidence of the conduct of a party was admitted tending to show a waiver of a certain condition, the omission of the exceptions to state that it was also admitted upon the question whether there was any such condition, as to which no exceptions were taken, is immaterial to the truth of the exceptions.

In an action for the conversion of certain oxen, it appeared that the plaintiff's title was derived from a sale made by the defendant to A. who sold to the plaintiff; that the sale to A. was upon a condition which had not been performed, and that at the same sale A. had bought a horse on the same condition, which he had sold to the plaintiff, but not when he sold the oxen. The plaintiff put in evidence tending to show a waiver of the condition as to the horse. The defendant offered evidence to show that upon this issue and upon the same facts, he had obtained a verdict and a judgment against the plaintiff in a former action concerning the title to the horse. This evidence was not admitted. *Held*, that the evidence put in by the plaintiff was competent to show that the defendant had waived the condition as to all the property sold to A., and that the evidence offered by the defendant should have been admitted in rebuttal.

TORT for the conversion of four oxen. At the trial in the Superior Court the jury returned a verdict for the plaintiff, and the defendant presented the following bill of exceptions, which was disallowed by the presiding judge.

" The plaintiff claimed the property by sale from one McFarland, who bought of Santom. The defendant claimed that he never sold to McFarland, and that the oxen were his property.

"It appeared in evidence that on November 1, 1870, the oxen were bid off by McFarland at an auction of the defendant's, the terms of sale being satisfactory security on six months. There was also evidence tending to show that it was agreed by McFarland and the defendant that the oxen should remain Santom's property until satisfactory security was given in payment therefor; and that the oxen were taken by McFarland upon that condition. At the same auction, other property, including a horse, was bid off and taken by McFarland with evidence tending to show the same conditions. The oxen were sold by McFarland to the plaintiff, February 13, 1871. The plaintiff contended that the defendant had misled him by his conduct in regard to the horse, and had induced the plaintiff to believe that the agreement between the defendant and McFarland as to the ownership of the oxen had been waived by conduct tending to show a waiver as to the horse; and the defendant contended that the question of waiver as to the horse was immaterial in this case, as that question had been tried in a former suit in the Superior Court, in which a verdict had been rendered for Santom thereon, which had been paid by Bates. The plaintiff, against the defendant's objections, was allowed to introduce evidence that McFarland, in the latter part of November, 1870, sold said horse to Bates; that Santom knew of the sale, and made no claim on Bates for the horse until after the sale of the oxen to Bates, and had offered to trade with Bates for said horse before the sale of the oxen to the plaintiff. The defendant objected to the admission of this evidence of Santom's acts and declarations as to the horse trade, and offered to show that the same facts were in evidence at said former trial, and offered to introduce the record of said former suit between the same parties in said court, showing that the question of the waiver of the condition aforesaid, and Santom's laches as to the enforcement of his claim of property in said horse was in issue, and a verdict thereon rendered for Santom and judgment satisfied.

"The sale of the horse by McFarland in November, 1870, had no connection with the sale of the oxen in February, 1871. The presiding judge admitted the above evidence offered by the plaintiff, and refused to admit tne evidence offered by the defendant; to which rulings the defendant excepted."

The defendant then petitioned this court under the Gen Sus. s. 115, § 11, for leave to prove his exceptions. A commissioner was appointed who made the following report:

" The parties agreed that, at the trial of the case in the Superior Court, there was evidence tending to show that in November, 1870, one McFarland bid off at an auction sale of the defendant's the horse and oxen in question, with other property, the terms of the sale being that purchasers shall furnish satisfactory security on six months ; and that McFarland having failed to furnish the security, the property was all subsequently delivered to him by the defendant under an agreement that it should remain the property of the defendant until satisfactory security was given in payment therefor. The plaintiff insisted that it did not appear upon the exceptions that the horse and oxen were delivered to McFarland on one and the same condition, as was contended by the defendant. I find that the fact does so appear.

".The parties agreed that when the plaintiff offered his evidence as to the defendant's conduct respecting the horse, the defendant objected to the admission of the evidence, and claimed that the question had been tried and determined in the former suit between the same parties referred to in the exceptions ; that the evidence was admitted against the objection of the defendant ; and that after the plaintiff had closed his case, the defendant offered the judgment in evidence, which was excluded by the presiding judge. The plaintiff denied and the defendant insisted that these facts were sufficiently stated in the exceptions. I find that these facts sufficiently appear in the exceptions.

" The parties also agreed that there was evidence at the trial tending to prove : 1st. That the horse and oxen were delivered by the defendant to McFarland absolutely and without any condition whatever. 2d. If the sale was a conditional one, that the condition had been subsequently waived by the defendant.

" The plaintiff contended that the evidence as to the conduct of the defendant respecting the horse was admitted generally, without any ruling of the judge that it was competent upon the question of waiver. The defendant insisted that it was admitted as competent upon the question of waiver. Upon this I find, that the point intended to be raised is fairly presented in the excep-

tions, and that the proofs before me establish the fact that the evidence was admitted upon the question of waiver, as well as upon the question whether there was any condition.

" The plaintiff also denied that the defendant offered to prove that the same facts in relation to the horse were in evidence at the former trial; but upon the proofs before me, I find that the defendant did offer to prove this. The above are all the matters which were in dispute between the parties.

" Upon the proofs and admissions of the parties before me, I find that the exceptions as originally presented to the presiding judge, were conformable to the truth, and should be established and allowed."

*C. A. Holbrook & G. Swan,* for the defendant.

*G. F. Verry,* for the plaintiff.

GRAY, C. J. Upon the facts reported by the commissioner, the truth of the exceptions as originally presented is substantially and fully established. The exceptions state that the evidence tended to show that the horse was bought and taken by McFarland under " the same condition " as the oxen — not under similar conditions only. The evidence as to the conduct of the defendant having been offered and admitted upon the question of waiver of the condition, the omission of the exceptions to state that it was also admitted upon the question whether there was any condition — as to which he took no exception — was immaterial.

There being evidence that the horse and oxen had been sold by the defendant to McFarland at one time and under the same condition, the evidence offered by the plaintiff, tending to show that the defendant had waived the condition so far as the horse was concerned, was competent to show that he had waived the whole condition. But the evidence, offered by the defendant to show that, upon this same issue and upon the same facts, he had obtained a verdict and judgment against the plaintiff in a former action concerning the title to the horse, should have been admitted, and its rejection requires the

*Exceptions to be sustained.*