C. F. HOVEY COMPANY, petitioner.

ARAKEL SOGOMONIAN *vs.* C. F. HOVEY COMPANY.

Suffolk.    January 13, 14, 1926. — February 24, 1926.

Present: RUGG, C.J., BRALEY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: allowance or disallowance, petition to establish, whether harmful.    *Rules of Court.*

An order of the Superior Court, made after the expiration of the time within which a bill of exceptions should be allowed under Common Law Rule 53 of the Superior Court (1923) but "as of" the last day permitted by that rule, is ineffectual to extend that time.

An allowance or disallowance of a bill of exceptions must be made by a certificate in writing signed by the proper judge.

After the trial of an action in the Superior Court, the defendant, within the time limited by Common Law Rule 53 of the Superior Court (1923) presented to the trial judge for allowance a bill of exceptions saved at the trial.    After conference, the judge orally stated that the bill was disallowed but, the clerk's office being closed, made an order extending the time permitted by the rule to a certain date.    Two days after that date, he filed a certificate of disallowance and, the lateness of the filing being called to his attention four days later, he filed what purported to be an order *nunc pro tunc* extending the time under the rule to include the date on which he filed his certificate.    *Held,* that, the excepting party not having been in default in seeking action on his bill, might present a petition under G. L. c. 231, § 117, for the allowance of the bill.

A bill of exceptions, saved by the defendant at the trial of an action of tort where the scope of the duties of an employee of the defendant was an issue, contained a narrative account of a colloquy of the trial judge with the defendant's counsel with regard to the examination of the employee as a witness, including an unchallenged statement by the judge in effect that the witness already had testified in direct and cross-examination all he could "remember about what his duties were," and that the judge then excluded a question, "what his instructions were when he was instructed in regard to his duties."    A commissioner to whom the petition for the establishment of an exception was referred found that the question excluded was, "What were you instructed to do when you went there?"    *Held,* that the exception was stated in the bill with substantial accuracy.

Ample opportunity is afforded to a judge to state, in a certificate disallowing exceptions alleged to have been saved at a trial of an action before him, the facts which to his mind are determinative of his action, and it is proper for a commissioner to whom was referred a petition for

the establishment of the exceptions to state that the judge ought not to be called as a witness at the hearing before him.

*It seems*, that, where two fifths of a bill purporting to state exceptions saved at a trial relate to an alleged exception which was not saved at the trial and the matter there dealt with is separate and distinct from the other matters in the bill, it is the duty of the trial judge to strike from the bill the immaterial matter and allow the remainder.

Where, at the trial of an action of tort against a corporation, the scope of authority of the employee is an issue and the employee, called by the defendant, had testified fully in direct and cross-examination on that subject, it is proper for the trial judge to exclude a question, asked by the defendant on redirect examination, "What were you instructed to do when you went there?"

PETITION, filed in the Supreme Judicial Court on March 17, 1925, for the establishment of exceptions alleged to have been saved by the defendant at the trial in the Superior Court of an action of *Sogomonian* v. *C. F. Hovey Co.* Also an action of

TORT with a declaration as amended containing counts for assault and battery, slander, and false imprisonment, arising from an alleged false arrest and imprisonment of the plaintiff in the defendant's store on a charge of shoplifting. Writ dated December 30, 1921.

There was a trial in the Superior Court before *Broadhurst*, J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $8,500, which, under an order of the trial judge made on a motion by the defendant for a new trial, was reduced to $4,250. The defendant alleged exceptions.

*J. H. Baldwin*, for the petitioner and defendant.

*J. H. Devine*, for the respondent and plaintiff.

RUGG, C.J. This is a petition to establish the truth of exceptions which were disallowed "as not being conformable to the truth." The petition has been referred to a commissioner and the case comes before us on his report.

It is contended that this petition cannot be maintained because the bill of exceptions was not seasonably acted upon by the judge. The facts upon which that contention is predicated are these: The time for allowance of the exceptions would expire in accordance with notice under Rule 53 of Superior Court (1923) on February 24, 1925. Before the

time had expired, the exceptions had been seasonably presented to the judge at a final conference with counsel for both parties.    At this conference the judge said, "there is nothing for me to do but to disallow this bill of exceptions . . . . I disallow them now and they are disallowed." This was said orally and no certificate of disallowance appears to have been then written and signed by the judge.    This occurred after it was supposed that the office of the clerk of the court was closed and motion was prepared by counsel for the excepting party and allowed by the judge extending the time to and including February 25, in order that the judge might formally enter the certificate of disallowance with the clerk.  The disallowance was not made until February 27.    This was called to the attention of the judge, who, on March 4, caused to be entered on the docket this: "Ordered — as of February 25, 1925 that the time for allowance of defendant's exceptions be extended to February 27, 1925, inclusive."

This order was ineffective.   A valid order for extension of time for the allowance of exceptions must be made before time theretofore allowed has expired.   *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, 152.

The allowance or disallowance of exceptions must be made by a certificate in writing signed by the judge.  The oral disallowance of February 24 or February 25 was not the kind of disallowance contemplated by the law.

The excepting party, however, had done all that he could do to secure action by the judge upon his exceptions within the time for allowance as extended.    Manifestly he could not control the conduct of the judge.    It is provided by G. L. c. 231, § 117, "If the presiding justice . . . disallows or fails to sign and return the exceptions . . . and either party is aggrieved thereby, the truth of the exceptions presented may be established before the full court upon petition . . . ." This language makes precise provision for the case where the judge does not allow the exceptions within the required time and the excepting party is not in default in calling the exceptions to the attention of the judge and endeavoring to secure their allowance by him.   In the case at bar the counsel for the excepting party appears to have been diligent to se-

cure the allowance of his exceptions, but the judge failed to sign and return them within the time limited by law. The excepting party, therefore, was entitled to invoke the extraordinary relief of a petition to the full court. Within twenty days after the expiration of the time, as extended, for the allowance of his exceptions, the excepting party filed in the full court a petition to establish the truth of the exceptions. It is not questioned that in other respects there was compliance with the provisions of Rule 6 of Rules for the Regulation of Practice before the Full Court. The excepting party, petitioner here, has conformed to the requirements of the statutes, G. L. c. 231, §§ 114, 117, and of the rules of court made pursuant thereto, and is entitled to present his petition. See *Borrowscale* v. *Bosworth*, 98 Mass. 34, 38, *Browne* v. *Hale*, 127 Mass. 158, 161.

Two exceptions were alleged in the bill of exceptions as filed. One of these exceptions related to the exclusion of a question put to an employee of the petitioner. The exception stated, after narrating a colloquy in which the remark of the judge to the effect that the witness already had testified in direct and cross-examination all he could "remember about what his duties were" went unchallenged, that the form of the question was, "what his instructions were when he was instructed in regard to his duties." The commissioner finds that the form of the excluded question in truth was, "What were you instructed to do when you went there?" These findings require the conclusion that the exception was stated in the bill with substantial accuracy.

The other alleged exception, relating to a matter arising on a motion to set aside the verdict, is found by the commissioner not to have been saved. It need not be considered.

The procedure of the commissioner was correct in intimating that the judge who disallowed the exceptions ought not to be called as a witness in the hearing before him. *Money-weight Scale Co. petitioner*, 225 Mass. 473. *Bottum* v. *Fogle*, 105 Mass. 42. *Sawyer* v. *Yale Iron Works*, 116 Mass. 424. *Morse* v. *Woodworth*, 155 Mass. 233, 244. Ample opportunity is afforded to the judge to state in the certificate of disallowance the facts controlling to his mind.

The bill of exceptions as printed in the record occupies about two and one half printed pages. The descriptive part of the bill and the statement of the one exception shown by the report of the commissioner to have been saved, occupy one and one half of these printed pages, and the statement of its alleged exception not taken, one printed page. Thus two fifths of the bill as presented related to a matter which ought not to have been there at all. It would have been entirely proper for the judge to strike out that part of the bill of exceptions which ought not to have been there and to allow the rest of it. Seemingly that was his duty. The two parts appear to have been quite separate and distinct. *Moneyweight Scale Co. petitioner*, 225 Mass. 473, 479. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 391. *O'Connell, petitioner,* 174 Mass. 253, 257.

It follows that the exception as to the exclusion of the question must be and is established.

That exception is without merit. The witness, an employee of the present petitioner, had stated in detail the full extent of his duties. These duties had been performed in the department store of the employer during an employment of several weeks. Presumably these duties were performed in the presence and under the general direction of some agent of the petitioner, so that his conduct afforded the best test of the real scope of his authority. The ostensible powers of an agent are his real powers. Limitations as between the principal and agent of the apparent powers of the latter cannot affect the rights of third persons ignorant of such limitations and under no duty of investigation. There was no error in the exclusion of the question. *Brooks* v. *Shaw*, 197 Mass. 376, 380. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416. *Danforth* v. *Chandler*, 237 Mass. 518. *Webb* v. *Johnston,* 246 Mass. 229, 233. Moreover, the witness having been called by the excepting party, no offer of proof was made. It cannot be known that the excepting party was injured by the exclusion of the questions. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7. *Ryder* v. *Ellis,* 241 Mass. 50, 58.

The bill of exceptions, after striking out the part beginning

in the first line on page six of the record as printed for this court with the words, "The defendant duly filed a Motion," and ending in the next to the last full paragraph on the same page with the words, "the Motion for a New Trial," is established and the exceptions are overruled.

*So ordered.*