ALBERT SMITH & another, petitioners.

Suffolk.   May 23, 1927.— June 29, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Exceptions: petition to establish.

While, if a bill of exceptions as presented to the judge who presided at a trial contains several distinct and independent exceptions, clearly and separately stated, the truth of one or more of them may be established although the others are not proved as alleged, when statements which rightly may find a place in the bill of exceptions are blended or commingled in the bill as filed with statements which are false or which for any reason ought not to be in the bill, the presiding judge is under no obligation to sift out truth from falsehood, and properly may disallow the whole bill of exceptions as not conformable to the truth.

On a petition for the establishment of a bill of exceptions, a commissioner
in substance found that, of fifty-five exceptions appearing in the bill
and covering nineteen pages of the printed record, thirty-two were duly
saved and twenty-three were not duly saved. *Held*, that the bill as
filed contained so much that was erroneous that the judge was under
no obligation to go through such a mass of words and pick out that which
was properly included from that which ought to have been omitted, and
that therefore the whole bill rightly was disallowed.

PETITION for the establishment of exceptions alleged by
the petitioners to have been saved by them at the trial in the
Superior Court before *Perrins*, J., a judge of a district court
sitting in the Superior Court under Sts. 1923, c. 469; 1924,
c. 485; 1926, c. 285, of a complaint charging the defendants
with the crime of unreasonably refusing and neglecting to
provide support for their aged parent.

*C. W. Rowley*, for the defendants.

*D. J. Lyne*, Assistant District Attorney, for the Common-
wealth.

RUGG, C.J. This case comes before us on a petition to
establish the truth of exceptions. It has not been argued
that the defendants failed in any particular in presenting and
pressing their petition for the establishment of their ex-
ceptions.

The principles governing the establishment of exceptions
have been declared and amplified in numerous decisions.
Summarily stated they are that if the bill as tendered to the
presiding judge contains several distinct and independent
exceptions, clearly and separately stated, the truth of one or
more of them may be established although the others are
not proved as alleged. When the part of the bill of excep-
tions which for any reason ought not to be included is easily
separable and distinguishable from that which is rightly set
forth, the judge may strike out that which ought to be
omitted and allow the rest. But when statements which
rightly may find a place in the bill of exceptions are blended
or commingled in the exceptions as filed with statements
which are false or which for any reason ought not to be in
the bill of exceptions, the presiding judge is under no obliga-
tion to sift out truth from falsehood, and may properly
disallow the whole bill of exceptions as not conformable to

the truth. The court should be cautious, however, in disallowing the bill as a whole when it contains important separable exceptions correctly stated. Proceedings for the establishment of exceptions always have been regarded as *strictissimi juris.* While scrutiny must always be exercised to the end that no injustice be done, the party who undertakes to set aside the certificate of the presiding judge must be held with reasonable rigor to conformity to these general principles. *Sawyer* v. *Yale Iron Works,* 116 Mass. 424, 432, 433. *Morse* v. *Woodworth,* 155 Mass. 233. *O'Connell, petitioner,* 174 Mass. 253. *Horan, petitioner,* 207 Mass. 256. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 391. *Commonwealth* v. *Dow,* 217 Mass. 473, 482. *Freedman, petitioner,* 222 Mass. 179. *Moneyweight Scale Co. petitioner,* 225 Mass. 473. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 431, 432. *Nielson, petitioner,* 236 Mass. 1. *C. F. Hovey Co. petitioner,* 254 Mass. 551, 554, 555.

The bill of exceptions filed in the Superior Court occupies about nineteen printed pages of the record. The report of the commissioner to whom the petition was referred occupies substantially seventeen pages of the record. It concludes with a summary to the effect that fifty-five exceptions were claimed in the bill as filed. Of these, thirty-two are established; five "are established unless nullified by the court striking out evidence"; six exceptions "are established with certain limitations"; six are established "in modified form"; and six are disallowed. It is doubtful if the finding as to the saving of several exceptions can be sustained in view of other facts found, but it is not necessary to examine these in detail. The findings made in the report are accepted at their face value. Speaking broadly, of the fifty-five set forth in the bill, thirty-two are found to have been saved and twenty-three are not found to have been saved by the report of the commissioner. The bill of exceptions as printed in the record differs from the bill of exceptions as filed in no substantial particular, but there is the distinction in that, for convenience at the hearing before the commissioner, paragraphs are numbered in Arabic

numerals from 1 to 55 inclusive. The bill of exceptions as presented to the presiding judge did not bear this separation by Arabic numerals.

We are of opinion that the bill as filed in the Superior Court contained so much that was erroneous that the judge was under no obligation to go through such a mass of words and pick out that which was properly included from that which ought to have been omitted, and that therefore the bill rightly was disallowed.

It may be added that a careful examination of the report of the commissioner shows that no error of law was committed by the trial judge.

*Petition dismissed.*