JESSE MURRAY *vs.* OSCAR J. ROSSMEISL.

Hampden.    September 21, 1933. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Pleading, Civil,* Declaration, Answer. *Workmen's Compensation Act,*
Action by insurer against negligent third person. *Practice, Civil,*
Amendment, Conduct of trial, Waiver. *Evidence,* Presumptions and
burden of proof.

It *was stated* that, in an action under G. L. (Ter. Ed.) c. 152, § 15, brought
by an insurer in the name of an employee against a person other than
the subscriber to enforce the defendant's liability to pay damages for
injuries to the plaintiff, the authority of the insurer to prosecute the
action, by reason of its having paid compensation to the plaintiff, is a
preliminary question to be heard and determined by the trial judge
and is not an essential part of the plaintiff's case triable by the jury.

It *was stated* that, in an action of the character above described, it was
not necessary to allege in the writ or declaration that the action was
brought in the name of the plaintiff for the benefit of the insurer;
and that allegations in the answer, to the effect that the plaintiff was
an employee of a subscriber under the workmen's compensation act
and had received compensation thereunder for his injuries, were
irrelevant to any issue to be tried by the jury.

It *was stated* that, if allegations of the character above described had
been included in an answer filed without the plaintiff's consent, he,
upon a proper motion seasonably made, would have been entitled to
have them struck out, and that the denial of such a motion would
have been error.

Where the attorney for the plaintiff in such an action, previous to trial,
consented to an amendment of the defendant's answer, whereby
allegations of the character above described were added, the original
answer not having contained any allegations of that character, the
plaintiff was not entitled as of right to contend at the trial that such
allegations were not properly a part of the answer or that, as such,
they should not be read to the jury; and there was no reversible
error in the denial of a motion by the plaintiff at the opening of the
trial that "the amended answer" be struck out "and not read to the
jury."

TORT.    Writ dated November 17, 1931.

The pleadings, proceedings at the trial in the Superior
Court before *Dillon,* J., and an exception saved by the

plaintiff, are described in the opinion. There was a verdict for the defendant. The plaintiff alleged an exception.

The case was submitted on briefs.

*W. G. Brownson,* for the plaintiff.

*R. S. Spooner & E. W. Sawyer,* for the defendant.

FIELD, J. This is an action of tort to recover compensation for personal injuries alleged to have been caused by negligent operation of a motor vehicle in which the plaintiff was riding. There was a verdict for the defendant. The case comes before us on the plaintiff's exception to the denial of his motion, hereinafter referred to, to strike out the defendant's amended answer.

There was no statement in the writ that the action was brought for the benefit of any person other than the plaintiff. Neither the declaration nor the original answer alleged any facts which would bring the case within the provisions of the workmen's compensation law. G. L. (Ter. Ed.) c. 152. The original answer contained a general denial and allegations that "the injuries alleged were caused in whole or in part by plaintiff's own negligence," and that the motor vehicle was not "being operated by and under the control of a person for whose conduct the defendant was legally responsible." Before the trial the defendant, with the consent of the plaintiff's attorney, amended this answer by adding allegations to the effect that the plaintiff as an employee of the city of Springfield was within the provisions of the workmen's compensation law and had received compensation thereunder for the injuries alleged in the declaration. The case was referred to an auditor who made a report.

At the trial, after the jury were impaneled, the attorney for the plaintiff, in the absence of the jury, stated that the action was "brought for the benefit of the insurer under the workmen's compensation act," that "The plaintiff was an employee of the city of Springfield, which was insured under that act," and that "the action is brought for the benefit of the insurer, which is the city;" and presented an affidavit of the plaintiff that "at the time of the accident . . . [he] was in the employ of the City of Springfield, a

municipal corporation, which was insured under the Workmen's Compensation Act. That the plaintiff made an agreement for compensation with the insurer, and received compensation for the injury in question. That this action is being enforced in the plaintiff's name by the said insurer, and for its benefit, and that any judgment obtained in this action shall be subject to division or apportionment as set forth in said Act. And that this action was brought and is being prosecuted with the consent and by the authority of the insurer," and moved that "the amended answer of the defendant be struck out, and not read to the jury." The judge ordered the affidavit filed and denied the motion, and the plaintiff excepted to this denial.

Subsequent proceedings were as follows: The jury were recalled and the pleadings including the amended answer were read to them. The plaintiff introduced in evidence the report of the auditor, which was read to the jury, and rested. This report contained a finding that the plaintiff at the time of the accident was a laborer employed by the city of Springfield and after the accident "signed an agreement to take compensation from the city, the claim was approved by the Industrial Accident Board and since then he has been receiving $17.90 weekly as compensation," and a general finding for the plaintiff. The plaintiff, called as a witness by the defendant, testified without objection that he signed an agreement to take compensation which was approved by the Industrial Accident Board, and that he was still receiving $17.90 a week as compensation from the city.

The judge in his charge stated to the jury that they had no concern with the distribution of the proceeds of any judgment, read to them provisions of G. L. (Ter. Ed.) c. 152, § 15, hereinafter quoted, and said: "Applying the law to this case, you have before you the fact that this plaintiff has accepted and received compensation under the workmen's compensation act. Therefore he is barred from proceeding to collect against the defendant in this case; save only for the provision that in case compensation is paid, as it has been in this case, then the insurer, which in

this case is the city of Springfield, may bring an action in the name of this plaintiff against this defendant; and if it recovers — or if the plaintiff in this action recovers an amount in excess of what it is required to pay as compensation, then four fifths of that excess is payable to the plaintiff in this case in addition to any compensation which he would receive under the workmen's compensation act. And in this case, for the purpose of the record, by admission in open court and by offer of proof, it is before us that compensation has been paid by the city of Springfield, and that the city of Springfield is the principal beneficiary in this action; and that while the action is in the name of the injured workman, and brought against the defendant as the party liable, nevertheless the benefit primarily goes to the city of Springfield, and then, by operation of provision of law, four fifths of any surplus over and above what the city pays out is distributed to the plaintiff in the event of recovery in this action." No exception was taken by the plaintiff to the charge.

The pleadings, but by direction of the judge neither the affidavit nor the auditor's report, were sent out with the jury when they retired and no objection was made to this procedure.

G. L. (Ter. Ed.) c. 152, § 15, provides in part as follows: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee; but the insurer shall not make any settlement by agreement with such other person without the approval of the industrial accident board."

The authority of an insurer under these provisions of the workmen's compensation law to prosecute an action at law in the name of an employee depends upon payment of compensation by the insurer to the employee and is a preliminary question to be heard and determined by the judge and not a matter for the consideration of the jury. It was not necessary in the present case to state in writ or declaration that the action was brought in the name of the employee for the benefit of the insurer and the allegations in the amendment to the answer had no bearing on any issue triable by the jury. *Becker* v. *Eastern Massachusetts Street Railway*, 279 Mass. 435, 442, 443, 444. The facts alleged would not be a defence to the action but would be ground, available by motion, for refusing to permit the employee to prosecute it. *Moore* v. *Spiegel*, 143 Mass. 413, 417. See *Palmer* v. *Whitney*, 166 Mass. 306, 310. If these allegations had been included in the answer without the consent of the plaintiff he would have been entitled to have them struck out upon a proper motion seasonably made because immaterial and prejudicial, and the denial of such a motion would have been error. *Chaves* v. *Weeks*, 242 Mass. 156. *Christensen* v. *Bremer*, 263 Mass. 129, 133–134.

In this case, however, by the plaintiff's consent, the immaterial allegations in the amendment became a part of the answer and it was not thereafter open to him, as matter of right, to contend that they were not properly a part thereof and, as such, should not be read to the jury, though doubtless it was within the discretion of the trial judge, in spite of the plaintiff's consent to the amendment, to order these allegations struck out of the answer. For this reason the denial of the motion was not reversible error.

We need not consider whether, if the plaintiff had not consented to the amendment of the defendant's answer, the plaintiff, on a motion, as here, to strike out the entire answer, was entitled as matter of law to have the immaterial allegations therein struck out, or whether, as the defendant contends, if there had been error in the denial of the motion, the plaintiff's objection and exception thereto

would have been waived by his conduct at the trial, or the error rendered nonprejudicial by the evidence introduced by the plaintiff, and by the defendant without objection, or by the judge's charge. Compare *Christensen* v. *Bremer*, 263 Mass. 129, 134.

No question of the correctness of subsequent proceedings at the trial is brought before us by the bill of exceptions.

*Exceptions overruled.*