CHARLES J. RAY, administrator, petitioner.

Middlesex.   May 3, 1943. — June 28, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Exceptions: allowance and establishment, contents of bill.

A bill of exceptions, reciting that the action was heard upon an agreed statement of facts, whereas in truth it was heard by a judge without a jury at a hearing at which some of the facts were agreed upon and some disputed and testimony was taken and exhibits introduced in evidence, was inaccurate in a material particular affecting the whole of it and was properly disallowed by the trial judge.

This court dismissed a petition to establish exceptions without allowing the petitioner an opportunity to amend the bill where on the report of a commissioner the bill was shown to be inaccurate in a material particular affecting the whole of it and it appeared that, at the hearing when the bill was presented for allowance, the trial judge had spoken of giving the excepting party an opportunity to amend it and had disallowed it only after the excepting party, instead of seeking to amend, had insisted that it was in conformity to the truth.

PETITION, filed in this court on October 10, 1942, for the establishment of exceptions.

*W. T. Burke,* for the petitioner.

*W. P. Thompson,* for the respondent.

QUA, J.   The petitioner is the plaintiff in the action. After a verdict in his favor, but before the entry of judgment, he caused the real estate of the defendant to be attached by special precept.   Thereafter one Margaret M. Pierce filed an application alleging that a certain described parcel of land, "standing in the name of" the defendant and included in the attachment, belonged to said Pierce, and that the defendant had no interest therein, and praying that the attachment of said property be dissolved. G. L. (Ter. Ed.) c. 223, § 114, as amended.   The exceptions which the petitioner seeks to establish arose out of the hearing on this application for dissolution of attachment.

The bill of exceptions as filed by the plaintiff stated that

when the application to dissolve the attachment "was presented it was brought to court on an agreed statement of facts, which were as follows." Then followed a paragraph of facts such as could constitute "an agreed statement of facts" and after this another paragraph in these words, "The parties agreed to the above facts and only the following question of law remained to be determined by the court." Here was stated the question of law which the plaintiff conceived to be raised upon the "agreed statement of facts." The truth, as shown by the commissioner's report, was that there was no written agreed statement of facts, but that just before the hearing counsel for both parties "had agreed on certain facts material to the case" in order to eliminate the necessity for calling a witness then in attendance to testify in behalf of Pierce. The hearing, however, was not upon an agreed statement of facts as an agreed statement of facts is commonly understood. The plaintiff called Pierce as a witness and in addition to her testimony put two deeds in evidence. Counsel for the parties made statements of facts and statements that facts had been agreed. As we interpret the report, these statements were unchallenged and might be found to have been agreed upon. Counsel for Pierce stated other facts which counsel for the plaintiff denied. The assertion in the bill of exceptions that the case "was brought to court on an agreed statement of facts, which were as follows:" was not an accurate statement of the manner in which the case was heard. Moreover, the form of the bill of exceptions was such that, taken in connection with this assertion, an argument might be made with some plausibility that the hearing had been conducted upon a case stated, with the result that this court, upon the argument of the case here, could draw inferences of fact which it could not draw upon a bill of exceptions showing correctly the course of the hearing. G. L. (Ter. Ed.) c. 231, § 126. *Frati* v. *Jannini*, 226 Mass. 430. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108, 109. See *McNulty* v. *Boston*, 304 Mass. 305, 306, 307. *Scaccia* v. *Boston Elevated Railway*, 308 Mass. 310.

When the bill of exceptions was presented to the trial judge for allowance, counsel for Pierce stated that there was no agreed statement of facts, and that the bill did not conform to the truth. Counsel for the plaintiff insisted that there was an agreed statement of facts. The judge stated that at the hearing he had heard testimony and had received deeds in evidence, and that the bill of exceptions did not conform to the truth. He spoke of giving counsel for the plaintiff an opportunity to amend his bill, but upon counsel for the plaintiff insisting that the bill did conform to the truth, the judge stated that he would disallow the bill. Later the judge returned the bill of exceptions to the clerk with the notation thereon that the bill was "dismissed," as it did not conform to the truth. The word "dismissed" in the judge's order should be construed as meaning disallowed.

The judge was not required to sign a bill of exceptions that stated erroneously the method by which the hearing was conducted and thereby opened up the possibility of arguments in this court along lines that would not have been open if the facts had been correctly stated. Apart from the possible argument that there was a case stated, it would seem that Pierce could reasonably object to a bill that wrongly asserted that she had agreed to all the facts set forth therein. We do not doubt that the bill was prepared in good faith. Counsel may have been misled by the oral understanding that had been reached before the hearing began. It may well be true that Pierce's testimony and documentary evidence by which she was bound, taken with admissions of counsel by which the respective parties were bound, left the case in substantially the same posture for purposes of argument in this court as did the so called "agreed statement of facts" inserted in the bill of exceptions, but after considerable study we are not altogether certain that this is true, and we think that the plaintiff had no right to put the burden of any risk in this respect upon Pierce. Bills of exceptions ought not to rest upon an incorrect approach to the facts, especially where the exact effect of the error in all possible aspects may not be foreseen.

Ordinarily a difficulty of this kind would be immediately straightened out at the hearing on the allowance of the bill of exceptions by amending the bill. In this instance both counsel for Pierce and the judge pointed out wherein the bill was defective. The judge then spoke of amendment. But counsel for the plaintiff, instead of seeking to amend, merely insisted that the bill did conform to the truth. It was the plaintiff's bill. The judge could not amend it without the consent of the plaintiff. G. L. (Ter. Ed.) c. 231, § 113. *Hector* v. *Boston Electric Light Co.* 161 Mass. 558, 560, 561. *Morse* v. *Woodworth,* 155 Mass. 233, 241. *Thompson* v. *Dickinson,* 159 Mass. 210, 211. The plaintiff did not consent but insisted upon the bill as it was. This was not a case where part of the bill could be allowed and part disallowed, since the inaccuracy affected the whole bill. See *Sawyer* v. *Yale Iron Works,* 116 Mass. 424, 433; *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 391; *Smith, petitioner,* 260 Mass. 297, 299. The judge was compelled to choose between signing a bill which contained an incorrect and misleading statement as to the method of trial and disallowing the bill. He chose to disallow the bill. We do not see how he could have done otherwise.

It has been said that "the right of an excepting party to have his exceptions considered by this court is not to be defeated by mere verbal errors, or unimportant differences in the form of statement." *Morse* v. *Woodworth,* 155 Mass. 233, 241. In that case this court, upon a petition to establish exceptions, suggested a number of perfecting changes in the wording of the bill and gave the excepting party an opportunity to adopt them. See *Clemens Electrical Manuf. Co.* v. *Walton,* 173 Mass. 286. Compare *Sawyer* v. *Yale Iron Works,* 116 Mass. 424, 434, 435. On the other hand, in *O'Connell, petitioner,* 174 Mass. 253, a case in which it appeared that the failure to amend the exceptions so that they would conform to the truth "was the petitioner's own fault in refusing to comply with the reasonable suggestions of the court," it was said that *Morse* v. *Woodworth* "goes to the extreme of liberality in favor of petitioners to prove

exceptions" (page 256), and the rule was laid down that
when the excepting party petitions to establish his excep-
tions "the case is to be considered [in this court] as the
presiding justice should have considered it at the end of the
hearing" (page 258). It was also there said that in deter-
mining whether the excepting party has in good faith made
an honest effort to present the exceptions truly "his con-
duct at the hearing may be considered, and his willingness
or unwillingness to accept proper amendments to make the
bill correct may be important evidence" (page 258). In
*Freedman, petitioner*, 222 Mass. 179, this court said, at page
181, "In a proceeding like this, the only matter before the
court is the determination of the question whether the bill
of exceptions presented to the judge and by him disallowed
was true in whole or in any separable part. While minor
deficiencies may be made complete and comparatively in-
significant errors rectified, there can be no material modifi-
cation of the bill as presented. It must either be allowed or
disallowed in substantially that form"; and further, "The
place to settle exceptions and to make such amendments as
may be necessary to render accurate the statement of the
exceptions originally filed is in the Superior Court in ordi-
nary cases. . . . In the rare instances when it is necessary
to file a petition for the establishment of exceptions in this
court, the field of inquiry is not broadened beyond the
exceptions filed in the Superior Court except as to slight
unintentional errors." These principles have since been fol-
lowed. *Moneyweight Scale Co., petitioner*, 225 Mass. 473.
*Smith, petitioner*, 260 Mass. 297, and cases cited. *Energy
Electric Co., petitioner*, 262 Mass. 534, 537. *Commonwealth
v. Davis*, 284 Mass. 41, 53, 54. *Graustein v. H. P. Hood &
Sons, Inc.* 293 Mass. 207, 213. *Graustein, petitioner*, 305
Mass. 568.

In the case before us, although we think that the peti-
tioner proceeded in good faith, yet when the difficulty with
his bill was precisely pointed out to him at the time and
place when and where such bills should be settled he made
no attempt to amend but by his insistence upon his bill as

filed made it necessary for the judge to disallow it. Under these circumstances we cannot be expected to remodel the bill to accord with the commissioner's findings on a petition to prove the exceptions.

*Petition dismissed.*