JOSEPH MELNICK, petitioner.

PHILIP A. BURNS & another *vs.* JOSEPH MELNICK.

Suffolk.     March 7, 1949. — July 5, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

Practice, Civil, Exceptions: amendment of bill, allowance and establishment, what questions open; Ordering verdict; Variance. *Broker*, Commission. *Contract*, Broker's commission.

The power to amend a bill of exceptions does not extend beyond the correction of slight, unintentional errors nor embrace the addition of new matter of substance.

If, upon a report by a commissioner to whom was referred a petition for the establishment of exceptions, it appears that the bill as tendered

to the judge contains several distinct and independent exceptions, clearly and separately stated, the truth of one or more of them may be established although the others are not proved as alleged, and if the part which ought to be omitted is easily separable and distinguishable from that which is rightly set forth, it may be struck out; but if the true and the false are blended and commingled, the judge is under no obligation to sift out one from the other. Per WILKINS, J.

A real estate broker might properly recover a commission from a purchaser of property where there was evidence warranting findings in substance that the property had been listed by its owner with the plaintiff; that the defendant inquired about the property as a result of an advertisement by the plaintiff; that the plaintiff refused to show the property to the defendant unless the defendant would agree to pay the commission since the price was net and the owner had refused to pay any commission; and that the defendant agreed to do business on that basis, the property then was shown to him by the plaintiff, and he purchased it.

The question of a variance is not open upon an exception to the denial of a defendant's motion for a directed verdict not specifically based on the pleadings.

CONTRACT. Writ in the Superior Court dated January 22, 1946.

The action was tried before *Kirk*, J.

A bill of exceptions filed by the defendant after verdicts for the plaintiffs was disallowed, and the defendant thereupon filed a petition for its allowance.

*J. C. Johnston*, for Melnick.

*F. G. Lichtenstein & H. M. Lichtenstein*, for Burns and another, submitted a brief.

WILKINS, J. This is a petition to establish the truth of exceptions alleged to have been taken by the defendant in the case of Burns and Barry *v.* Melnick. G. L. (Ter. Ed.) c. 231, § 117. The judge of the Superior Court disallowed the bill of exceptions as not conformable to the truth.

The petition was referred to a commissioner, who has filed a report, from which are taken these facts. The action is in contract for three commissions as brokers described respectively in counts 1, 3, and 5 of the substituted declaration. The defendant filed motions for a directed verdict on each count and a general motion for a directed verdict on all counts. These motions were denied, and the defendant claimed exceptions. The jury found for the plaintiffs on

each of those counts. Count 1 alleges an employment of the plaintiffs to find suitable real estate for the defendant to purchase, a promise to pay a commission equal to five per cent of the purchase price, and through the plaintiffs' efforts the defendant's purchase of an apartment house block on Commonwealth Avenue, Boston. Count 3 is similar except that the property purchased was on Commonwealth Avenue, Newton. Count 5 alleges an "exclusive agency" for the sale by the plaintiffs of the property referred to in count 3, and a sale by the defendant.

The commissioner found that the bill of exceptions presents a fair summary of the evidence with respect to counts 1 and 3, but not with respect to count 5. He further found that the parts of the bill relating to count 5 can be deleted and separated from the rest of the bill, and has indicated such parts with particularity. The plaintiffs' objections to the bill in so far as it concerns counts 1 and 3 were found to involve failure to include evidence which either was cumulative or related to collateral matters of credibility. As to counts 1 and 3, the plaintiffs urge that the bill of exceptions does not make it as clear as does certain testimony (quoted or summarized in the commissioner's report) that the plaintiffs told the defendant that they would not disclose the locations of the properties unless the defendant agreed to pay the commission. We regard a statement in the bill, that "if he did not care to do business on that basis we would not show him the property," as permitting the finding that otherwise the plaintiffs would not disclose the locations of the properties. This is the only basis upon which we could or would uphold the commissioner's findings as to counts 1 and 3. The respects in which the bill of exceptions, in so far as it concerns the fifth count, has been found not to conform to the truth are the absence of a resale price fixed by the defendant and the failure to set forth that the plaintiffs agreed to the defendant's proposition, "thus exposing the plaintiffs to the contention that there was no consideration for the so called exclusive agency." We accept the findings of the commissioner as to each of the three counts.

The petitioner states in his brief that he is willing to accept the findings of the commissioner as to count 5, and argues that he should be permitted to amend his bill, although no motion to that end has been filed. The power to amend in a case of this kind does not extend beyond the correction of slight, unintentional errors, and does not embrace the addition of new matter of substance. *Freedman, petitioner*, 222 Mass. 179, 181–182. *Energy Electric Co., petitioner*, 262 Mass. 534, 537. *Graustein, petitioner*, 305 Mass. 568, 570. See *Squier* v. *Barnes*, 193 Mass. 21, 24. See also *Barnett, petitioner*, 240 Mass. 228, 230. The omission here most plainly was of substance.

The pertinent principles have often been stated. Although proceedings for the establishment of exceptions are strictissimi juris, if the bill as tendered to the judge contains several distinct and independent exceptions, clearly and separately stated, the truth of one or more of them may be established although the others are not proved as alleged. If the part which ought to be omitted is easily separable and distinguishable from that which is rightly set forth, it may be struck out, but if the true and the false are blended and commingled, the judge is under no obligation to sift out one from the other. "The court should be cautious, however, in disallowing the bill as a whole when it contains important separable exceptions correctly stated." *Smith, petitioner*, 260 Mass. 297, 298–299, and cases cited. *Ray, petitioner*, 314 Mass. 195, 199. We think that the bill contains important separable exceptions as to counts 1 and 3 which are correctly, although far from perfectly, stated. *C. F. Hovey Co., petitioner*, 254 Mass. 551, 555. The parts relating to count 5 are struck out, and the exceptions to the denial of the motions for directed verdicts on counts 1 and 3 are established.

Those exceptions are without merit. The jury could have found that the owner of the two properties, one Nesson, listed them with the plaintiffs as brokers; that the plaintiffs advertised the properties; and that in response to the advertisement the defendant came to the plaintiffs' office

and talked with the plaintiff Burns. It is undisputed that the defendant ultimately bought both properties. The controversy relates to the legal effect of the intermediate negotiations, during the course of which, it could have been found, the defendant was informed by the plaintiffs that the owner would not pay any commission and the buyer would have to pay it. The defendant's contentions, in brief, are that the negotiations contemplated a contract with the seller which would provide for the payment of commissions by the buyer, and that there was no consideration moving from the plaintiffs to the defendant, as the consideration for the promise of the buyer to pay a commission was the promise of the seller to convey or the actual conveyance. We think, however, that it was open to the jury to find that there was a contract between the plaintiffs and the defendant as a part of which the defendant agreed with the plaintiffs to pay their commissions to them. There was evidence that the plaintiff Burns told the defendant that the price of each property was net, that the owner would not pay a commission and that fact should be considered in any calculation he made regarding the purchase price; that the defendant said he was willing to do business on that basis; and that the plaintiff Burns told the defendant that the commission was five per cent. There was other evidence, above referred to, that the plaintiff Barry testified that at the outset he told the defendant that if he did not care to do business on that basis, they would not show him the properties; that the defendant, who had already agreed to pay any commission, said that he wanted to see the properties; and thereupon the plaintiff Burns and the defendant left the office. There was also evidence that after visits to the properties the plaintiffs told the defendant "once again" that it must be understood by the defendant that he was to pay the commission because the owner would not, and the defendant said, "Yes." It is unnecessary to elaborate the balance of such of the testimony as found its way into the bill of exceptions. Other testimony, inconsistent with the foregoing, that the com-

mission was to be added onto the purchase price, did not have to be accepted in preference to the evidence from which the jury might infer that it was not to be so added or paid to the owner at all.

The defendant also contends that the evidence did not warrant a finding that, as alleged in the declaration, the plaintiffs were employed "to find some suitable real estate for the defendant to purchase and to negotiate for the purpose of the same." The motions for directed verdicts, however, were not based upon the pleadings, and consequently exceptions will not be sustained to their denial if the evidence justifies a finding for the plaintiffs in any amount. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563. *Pochi* v. *Brett,* 319 Mass. 197, 205. There was evidence of an express promise to pay the commissions to the plaintiffs for disclosure of the locations of the properties or for services of some sort in connection with the sales. The jury were not required to find that such services had all been rendered prior to such promise, and they could find that the defendant made the promise before the locations of the properties were disclosed.

The bill of exceptions, after striking from the record, as printed for this court, the part beginning "that the defendant on one of his trips" on page 11, seven lines from the bottom, and ending on page 12, line 5, with the words "was left like that," and after striking on page 13, lines 13 to 21, the part beginning "that later the defendant informed him" and ending "add it to the price paid the seller," is established, and the exceptions are overruled.

*So ordered.*