THOMAS NEALON, petitioner.
THOMAS NEALON vs. JAMES J. SULLIVAN.

Middlesex.   January 3, 1956. — May 25, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Exceptions: contents of bill, allowance and establishment, what questions open; Preliminary question; Ordering verdict. *Workmen's Compensation Act,* Action against third person. *Actionable Tort. Election. Evidence,* Relevancy and materiality.

A bill of exceptions in an action was not conformable to the truth with respect to a matter stated therein as a fact where there was merely evidence of that fact which either was impliedly excluded or, if admitted, should have been referred to in the bill only as evidence. [217]

An exception by the plaintiff in an action to the direction of a verdict for the defendant, which occurred when the plaintiff had not rested and amounted in the circumstances to a denial by the trial judge of a request by the plaintiff for permission to introduce further testimony, did not raise the question of the propriety of that denial, and where there was no exception taken to the denial the fact of the denial had no place in the plaintiff's bill of exceptions. [217–218]

A bill of exceptions containing certain improper statements which were distinct and readily separable from the rest of the bill and which the excepting party offered to strike from the bill should be established with such statements omitted therefrom. [218]

In an action for personal injuries brought by an employee of one insured under the workmen's compensation act against a person other than the insured under G. L. (Ter. Ed.) c. 152, § 15, as amended, after the plaintiff has elected to receive and has received compensation for such injuries under the act, there is a preliminary question for the trial judge whether the action was authorized under the statute. [218]

At the trial of an action for personal injuries under G. L. (Ter. Ed.) c. 152, § 15, as amended, certified copies of the Industrial Accident Board showing a report of such injuries under the workmen's compensation act, an agreement for compensation apparently signed by the plaintiff and an agreement for discontinuance of compensation admittedly signed by him were relevant to the preliminary question to be determined by the trial judge whether or not the plaintiff had elected to accept compensation for his injuries. [219]

Actual receipt of compensation by an injured person under the workmen's compensation act constituted an election to proceed under the act within G. L. (Ter. Ed.) c. 152, § 15, as amended, even if he was not legally entitled to the compensation so received. [219]

An action for personal injuries brought by the injured person under G. L. (Ter. Ed.) c. 152, § 15, as amended, was unauthorized by the statute and could not be maintained where it appeared that he accepted compensation under the workmen's compensation act for such injuries within six months after they were sustained and that the action was commenced less than nine months after they were sustained. [214–216, 219]

Although a certain action brought under G. L. (Ter. Ed.) c. 152, § 15, as amended, might properly have been dismissed as unauthorized by the statute, there was no error in disposing of it by ordering a verdict for the defendant. [219]

PETITION, filed in this court on January 19, 1955, to establish exceptions in an action tried in the Superior Court before *Morton, J.*

*Bernard Kaplan,* for the petitioner.

*Samuel P. Sears, (Albert R. Mezoff* with him,) for the respondent.

WILLIAMS, J. This is a petition to establish exceptions alleged to have been taken by the plaintiff in a trial of the action of Thomas Nealon *vs.* James J. Sullivan in the Superior Court sitting in the county of Middlesex. G. L. (Ter. Ed.) c. 231, § 117. The action was commenced July 9, 1942. According to the bill of exceptions the action was to recover damages for personal injury received as a result of falling from a truck operated by the defendant in Malden on March 1, 1942. In addition to a general denial and allegations of contributory negligence and assumption of risk the defendant averred in his answer that the plaintiff and he were fellow servants or coworkers engaged in the work of their common employer, the city of Malden, that the city was insured under the workmen's compensation act, and that the plaintiff elected to and did receive compensation for his injury under the provisions of the act. It was stated in the bill that "The accident occurred on a Sunday. The regular work week was five days, from Monday through Friday inclusive, when the plaintiff worked for the city. That at the time that the plaintiff's injury occurred the plaintiff was not working in the status of an employee of the city of Malden. That the plaintiff volunteered to dis-

tribute sand on that day. That the plaintiff was not to get paid for the said services, and, in fact, did not get paid for said services performed at the time that the injury occurred. That the plaintiff met the defendant at the city yards on March 1, 1942. The plaintiff was designated to go on the defendant's truck. The defendant told the plaintiff to be the top man on the truck. . . . The defendant operator made a sudden sharp turn to the left going down hill, with about one and one half tons of sand in the truck at the time. That the plaintiff fell off the truck to the ground and the left rear wheels of the defendant's truck backed up over the plaintiff. . . . Upon cross-examination by counsel for the defendant the plaintiff said that he did not accept and receive compensation from the city of Malden."

The plaintiff excepted to the admission of a certified copy of the record of the Industrial Accident Board which was marked exhibit 1. A part of that exhibit which admittedly had been signed by him was entitled "Employee's Agreement to Discontinuance of Compensation" and read as follows:

"May 30 1942

I hereby agree that the insurance company may stop my compensation on this date.

I do this with the understanding between us that this is not a settlement of my case and shall not prevent me from claiming further compensation if I hereafter believe I am entitled to it.

(Signed)        Thomas B. Nealon

I, Francis T. Walsh, of No. 51 Cross Street, Malden Mass., have read over and explained the above agreement to the said Thomas B. Nealon and subscribe my name as witness to his signature.

(Signed)        Francis T. Walsh

The following information must be furnished by the insurer in every case:

Date of Injury March 1, 1942    Average Weekly Wages $28.60 at date of accident $31.46 — 10% inc. in pay 4/9

retroactive to Jan. 1, 1942   Compensation began March 1, 1942   Rate of Compensation $20   Paid to date May 3, 1942   Compensation Paid $260   Hospital and medical services paid   Hospital 372.18   Medical 35.   $407.18." It was further stated in the bill that the plaintiff had not rested his case;  and that "The court refused to permit . . . [him] to introduce further testimony and instructed the jury . . . to return a verdict for the defendant," the ground for the directed verdict as stated to the jury by the judge being in substance that the plaintiff had exercised his option of taking workmen's compensation and was barred from prosecuting his present action.   To the direction of the verdict the plaintiff excepted.

On December 30, 1954, the judge directed the following entry to be made: "The plaintiff's bill of exceptions is hereby disallowed as not conformable to the truth in at least two respects: First, because it contains the sentence, 'That at the time that the plaintiff's injury occurred the plaintiff was not working in the status of an employee of the city of Malden.'   Second, because it contains the sentence, 'The plaintiff had not rested his case.   The court refused to permit the plaintiff to introduce further testimony . . ..' "

The plaintiff's petition was referred to a commissioner who reports substantially as follows as to the first matter specified in the disallowance of the bill.   The plaintiff was asked by his attorney, "And on that day [Sunday, March 1], were you working in the status of an employee of the city of Malden?"   The attorney for the defendant objected and the witness then answered, "No."   The judge said, "All right, we will decide that — the jury, rather."

As to the second matter the commissioner reports that "The plaintiff had not rested when the trial judge ordered a verdict for the defendant.   After the verdict for the defendant was ordered at the conclusion of the charge, the plaintiff duly excepted thereto.   There was no order or ruling in so many words refusing to permit the plaintiff to introduce further testimony.   The plaintiff had in court under

summons further witnesses to testify in his behalf. The plaintiff was the first witness. Following the introduction of the workmen's compensation papers during the cross-examination of the plaintiff, there was a conference, first at the bench and then in the lobby. In the course of the conference at the bench or in the lobby, the attorney for the plaintiff requested an opportunity to complete the testimony. Upon resumption of the hearing in court the next morning the trial judge proceeded to charge the jury and direct a verdict for the defendant. The attorney for the plaintiff attempted to interrupt the charge at an early point, but the trial judge would not permit it. Plaintiff's attorney did not except at this point in the charge." The commissioner reported the following cross-examination in reference to exhibit 1 which was not set forth in the bill: "Q. And who is Francis Walsh? A. He is the timekeeper. Q. Timekeeper for the city of Malden? A. Yes. Q. And at the time that you signed this statement on this paper on May 30, 1942, the paper which I have here said, 'I agree that the insurance company may stop my compensation on this date.' Right? May 30th, correct? A. That is the date there. Q. And you signed this paper stating that your compensation — you agreed your compensation is stopped on that day. Mr. Walsh, this timekeeper also signed it in your presence, did he? A. Yes, sir, that is it, sir."

The plaintiff was not entitled to the assertion as a fact "That at the time that the plaintiff's injury occurred the plaintiff was not working in the status of an employee of the city of Malden." See *Ray, petitioner*, 314 Mass. 195, 196. Although he so testified in response to a leading question it was after objection made by the defendant and the judge ruled that this was a matter for the jury to decide, thereby implying that the question was excluded. If admitted, the testimony properly could have been referred to only as evidence. The plaintiff also was not entitled to the statement in his bill that "The court refused to permit the plaintiff to introduce further testimony." The action of the judge in directing a verdict amounted, in the circumstances,

to a denial of the plaintiff's request to introduce further testimony, but the plaintiff took no exception to this denial. His exception to the direction of the verdict is to be construed as relating only to the ruling of law implicit in the order of the judge. If he had intended to save an exception to the refusal to hear further evidence it was his duty to make this clear to the judge. See *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110–111. In the absence of an exception to the judge's refusal the fact of that refusal has no place in the plaintiff's bill.

The judge properly could have allowed the bill with the objectionable statements which he specified omitted. They were distinct and readily separable from the portions of the bill relating to the exceptions. See *C. F. Hovey Co. petitioner*, 254 Mass. 551, 555; *Smith, petitioner*, 260 Mass. 297, 298–299, and cases cited; *Ray, petitioner*, 314 Mass. 195; *Melnick, petitioner*, 324 Mass. 524, 527. The commissioner reports that in the course of correspondence and conference the plaintiff offered to strike them from the bill and we think it should now be established with these statements omitted. See *Bates* v. *Santom*, 116 Mass. 120, 123; *Sawyer* v. *Yale Iron Works*, 116 Mass. 424, 432–433; *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 391.

There is no merit in the exceptions. They relate to the admission of the record of the Industrial Accident Board and to the direction of the verdict for the defendant. An employee of a person insured under the workmen's compensation act cannot accept compensation for an injury received in the course of his employment and also bring an action for his own benefit to collect damages for the same injury from a person other than his employer who may be responsible for his injury, except as provided by G. L. (Ter. Ed.) c. 152, § 15, as amended. If having accepted compensation he prosecutes an action at law against such other person, a preliminary question is presented to the court whether such action was authorized. This question is to be decided by the judge. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 264. *Murray* v. *Rossmeisl*, 284 Mass. 263, 267. See *McDon-*

*ald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170. In the present case the judge had before him copies of the records of the Industrial Accident Board which showed a report by the city of Malden of the plaintiff's injury, an agreement for compensation apparently signed by the plaintiff, and an agreement for discontinuance of compensation admittedly signed by him. These copies were stapled together and marked by the stenographer as exhibit 1. Doubtless they were not relevant to the issue before the jury but were relevant to the matter to be determined by the judge, namely, whether the plaintiff had exercised his option in favor of proceeding for compensation. *McDonald* v. *Employers' Liability Assurance Corp. Ltd. supra,* at page 176. There was no error in their admission.

The judge had not only the testimony of the plaintiff in reference to exhibit 1 which was stated in the bill but also that which was reported from the record by the commissioner. On this evidence he was warranted in finding that the plaintiff had elected to accept compensation. According to his statement to the jury he found such to be the fact and in directing the verdict ruled that the present action was barred. As the plaintiff had made a binding and final election he was not entitled to show that he was not legally entitled to the compensation received. *Tocci's Case,* 269 Mass. 221. *Miller* v. *Richards,* 305 Mass. 424. The judge might have dismissed the action but we think there was no error in the method which he adopted in disposing of the case. See *McDonald* v. *Employers' Liability Assurance Corp. Ltd.* 288 Mass. 170, 175–176.

The bill of exceptions is established with the above quoted statements omitted and the exceptions are overruled.

*So ordered.*