### MARY CIVITARESE, petitioner.

Suffolk.    October 6, 1967. — November 29, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Exceptions: filing of bill; Rules of court.

If a trial judge, where a motion for extension for several months of the time for filing a bill of exceptions was likely to be unopposed, allowed the motion ex parte, disregarding a statement by counsel for the excepting party that he at that time was not seeking allowance of the motion but merely to ascertain a time for hearing thereon of which the opposing party could be notified, the excepting party was forced into a noncompliance with Rule 73 of the Superior Court (1954) and was entitled to be relieved of the consequences of such noncompliance. [312]

An individual judge has no power to disregard lawfully adopted rules of his court. [312]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on April 26, 1966.

The case was heard by *Cutter,* J.

The case was submitted on briefs.

*William T. Bogue* for the petitioner.

*John H. Fletcher Calver* for the respondent.

WILKINS, C.J.    This is a petition in the county court to establish the truth of exceptions alleged to have been taken by the plaintiff (petitioner) in the case of Civitarese *v.* Gorney, in the Superior Court for Middlesex County. *Melnick, petitioner,* 324 Mass. 524, 527.    G. L. c. 231, § 117. The judge of the Superior Court disallowed the original bill of exceptions and denied the plaintiff's motion to file a substitute bill of exceptions.    The petitioner excepted.    This petition seeks to establish the truth of the second bill.    The single justice ordered that the petition be dismissed and the petitioner excepted.    The single justice found that the second bill, filed October 15, 1965, conforms to the truth, but that it did not state a meritorious case for review because the first bill, filed August 6, 1965, was not seasonably filed within any properly extended period for filing, meaning an "ex-

tended period allowed after motion of which due notice was given."

The controversy relates chiefly to the motion allowed on March 24, 1965, extending the time for filing to July 31, 1965. This was the third such extension. The respondent's (defendant's) contention is that there was not compliance with Rule 73 of the Superior Court (1954), which prescribes that the time for filing exceptions shall not be extended for more than seven days without at least twenty-four hours notice to the adverse party and an opportunity to be heard.

Regrettably, the material circumstances must be stated at some length. The petition contains these allegations. On or about March 24, 1965, counsel for the plaintiff (petitioner) went to a session in Suffolk County where the trial judge was sitting. Counsel told the clerk, not in the presence of the judge, that he wished to speak to the judge to ascertain a convenient time for a hearing in Middlesex County of the motion to extend the time for filing the bill.[1] The clerk took the motion to the judge in his room, and returned shortly with the information that the motion had been allowed. Counsel for the plaintiff, upon stating that this was not his present purpose, was then permitted to see the judge whom he informed that his intent was not to seek allowance of the motion, but to ascertain a time for hearing of which the defendant could be formally notified. The judge inquired if this or the previous motions had been opposed. Counsel replied that they had not been opposed, and that counsel for the defendant had told him that the date for hearing was immaterial as he probably would not appear or oppose. The judge declared that he was allowing the motion, and terminated the interview.

On July 27, 1965, the judge allowed without notice a fourth extension to August 7, 1965. On or about August 11, 1965, the defendant filed a motion to dismiss the plaintiff's

---

[1] At an earlier time the trial judge, pursuant to the suggestion of counsel for another defendant, no longer a party, had ruled that "motions of this nature must be held in the actual physical confines of the court house wherein the trial occurred, in this case the Middlesex Superior Court House situated in Cambridge." No authority has been suggested for such a ruling, which was contrary to precedent, and, in our opinion, wrong.

exceptions, filed on August 6, and demanded that the plaintiff file the entire transcript of the trial. The plaintiff thereupon moved to file a substitute bill of exceptions.

On September 23, 1965, both motions were heard by the trial judge. In the course of the proceedings the judge said that the plaintiff's allegations relative to the allowance of the third motion to extend were untrue, to which the plaintiff's counsel replied that they were most certainly true and accurate.

The single justice has made no finding as to the dispute between the trial judge and counsel for the plaintiff (petitioner). If the latter's statement should be found to be correct, the plaintiff was forced into a violation of Rule 73. This would constitute a gross injustice which must be remedied. An individual judge has no power to disregard rules of court lawfully adopted. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 462. *Kaufman* v. *Buckley,* 285 Mass. 83, 86. See *DeLomba's Case,* 352 Mass. 598, 603.

The exceptions are sustained. The petition must be remanded to the county court for a determination of this issue of fact.

*So ordered.*